

**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450



FILED

JAN 2 5 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

'08 CV 0163 JAH LSP

January 24, 2008

Clerk, United States District Court
Southern District of California
940 Front Street, Suite 4290
San Diego, CA 92101

Re:  Transfer of our Civil Case No. EDCV08-00016 FMC (FFM)

Case Title: Michael Anthony Yancy -v- Guillermina Hall, Warden

Dear Sir/Madam:

    An order having been made transferring the above-numbered case to your district, we are transmitting ~~herewith our entire original file in the action,~~ together with certified copies of the order and the docket.  Please acknowledge receipt of same and indicate below the case number you have assigned to this matter on the enclosed copy of this letter and return it to our office.  Thank you for your cooperation.

\*NOTE: ELECTRONIC CASE FILING SYSTEM, CM/ECF.  PLEASE BE ADVISED YOU MAY ACCESS THIS DATABASE.
OUR WEB SITE IS: http://ecf.cacd.uscourts.gov
PLEASE USE YOUR COURT'S PACER ACCOUNT
AND PASSWORD TO ACCESS THIS DOCUMENT.

Very truly yours,

SHERRI R. CARTER
Clerk, U.S. District Court

By _____
   M. RAMIREZ   213-894-1587
   Deputy Clerk

2254 ✓    1983
FILING FEE PAID
Yes _____  No _____
IFP MOTION FILED
Yes _____  No _____
COPIES SENT TO
Court ✓    Pro Se

cc:  All counsel of record

========================================================================

## TO BE COMPLETED BY RECEIVING DISTRICT

Receipt is acknowledged of the documents described herein and we have assigned this matter case number CV: _____

RECEIVED IN
INTAKE

JAN 25 2008

Clerk, U.S. District Court

By _____
   Deputy Clerk

CV-22 (01/01)                 TRANSMITTAL LETTER - CIVIL CASE TRANSFER OUT

FILED
CLERK, U.S. DISTRICT COURT

JAN 1 8 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

MICHAEL ANTHONY YANCY,              )    No. EDCV 08-16 FMC (FFM)
                                    )
              Petitioner,           )    ORDER TRANSFERRING ACTION
                                    )    TO UNITED STATES DISTRICT
       v.                           )    COURT FOR THE SOUTHERN
                                    )    DISTRICT OF CALIFORNIA
GUILLERMINA HALL, WARDEN,           )
                                    )
              Respondent.           )
————————————————————————           )

Petitioner lodged for filing a Petition for Writ of Habeas Corpus by a
Person in State Custody herein on January 8, 2008. It appears from the face of
the Petition that petitioner is challenging a conviction sustained in the Superior
Court of California for San Diego County, which is located within the Southern
District of California. *See* 28 U.S.C. § 84(d).

A petition for writ of habeas corpus may be filed in the United States
District Court of either the judicial district in which the petitioner is presently
confined or the judicial district in which the petitioner was convicted and
sentenced. *See* U.S.C. § 2241(d). Petitioner presently is confined at the
California Rehabilitation Center in Norco, which is located in Riverside County
and thus within the jurisdictional boundaries of this District (i.e., the Central
District of California). *See* 28 U.S.C. § 84(c). Accordingly, jurisdiction exists in
both the Southern and Central Districts.

1    When a habeas petitioner is challenging his underlying conviction or
2  sentence, the district court for the district in which the petitioner was convicted
3  and sentenced is a more convenient forum because of the accessibility of
4  evidence, records and witnesses.  Thus, it generally is the practice of the district
5  courts in California to transfer habeas actions questioning state
6  convictions/sentences to the district in which the petitioner was convicted and
7  sentenced.  Although two districts have jurisdiction to entertain the instant
8  petition, any and all records, witnesses and evidence necessary for the resolution
9  of petitioner's contentions are more readily available in San Diego County.  *See*
10  *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968).  Therefore, in
11  furtherance of the interest of justice,

12    IT IS SO ORDERED that the Clerk of this Court transfer this matter to the
13  United States District Court for the Southern District of California.  *See* 28 U.S.C.
14  § 2241(d).

15    IT IS FURTHER ORDERED that the Clerk of this Court serve a copy of
16  this Order upon petitioner and upon the California Attorney General.

17

18

19  DATED: *Jan. 18, 2008*

20

21                                              FLORENCE-MARIE COOPER
22                                              United States District Judge

23

24  Presented by:

25

26  FREDERICK F. MUMM
27  United States Magistrate Judge

I hereby attest and certify on 1-24-08
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

28



1129

2

194, CLOSED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Eastern Division - Riverside)
## CIVIL DOCKET FOR CASE #: 5:08-cv-00016-FMC-FFM

Michael Yancy v. Gullermina Hall et al
Assigned to: Judge Florence-Marie Cooper
Referred to: Magistrate Judge Frederick F. Mumm
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 01/08/2008
Date Terminated: 01/18/2008
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**Michael Anthony Yancy**

represented by **Michael Anthony Yancy**
CDC H-11683
California Rehabilitation Center
302-23 Low
Norco, CA 92860
PRO SE

V.

**Respondent**

**Gullermina Hall**
*Warden*

**Respondent**

**The People of the State of California**
*the real party of interest*



I hereby attest and certify on 1-24-08
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

1129

| Date Filed | # | Docket Text |
|---|---|---|
| 01/08/2008 | 1 | PETITION for Writ of Habeas Corpus by a Person In State Custody (28:2254). Case assigned to Judge Florence-Marie Cooper and referred to Magistrate Judge Frederick F Mumm. (Filing fee due), filed by petitioner Michael Anthony Yancy. (Attachments: Petition (1) Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Proof of Service/Letters) (9)(gg) Additional attachment(s) added on 1/11/2008 (gg, ). Modified on 1/11/2008 (gg, ) The voluminous document (Petition) can be viewed in the Records Department. (Entered: 01/11/2008) |
| 01/08/2008 | 2 | NOTICE OF REFERENCE TO A U.S. MAGISTRATE JUDGE. Pursuant to the provisions of the Local Rules, the within action has been assigned to the calendar of Judge Florence-Marie Cooper and referred to |

| | | Magistrate Judge Frederick F Mumm to consider preliminary matters and conduct all further matters as appropriate. The Court must be notified within 15 days of any change of address. (gg) (Entered: 01/11/2008) |
|------------|---|---|
| 01/08/2008 | 3 | MOTION for Appointment of Counsel and Supporting Declaration, filed by petitioner Michael Anthony Yancy. (gg) (Entered: 01/11/2008) |
| 01/18/2008 | 4 | ORDER by Judge Florence-Marie Cooper transferring case to United States District Court for the Southern District of California. Certified copy of the transfer order and docket sheet sent. (MD JS-6. Case Terminated.) (Attachments: # 1 Transmittal Letter) (mr) (Entered: 01/24/2008) |
| 01/24/2008 | | TRANSMITTAL of documents - certified copy of the order and the docket sheet to USDC Southern District of California. (mr) (Entered: 01/24/2008) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 01/24/2008 09:26:51 | | |
| PACER Login: | us3877 | Client Code: |
| Description: | Docket Report | Search Criteria: | 5:08-cv-00016-FMC-FFM |
| Billable Pages: | 1 | Cost: | 0.08 |



Michael Yancy        H11683
California Rehabilitation Center
302-23 Low
Norco, CA    92860

ORIGINAL

LODGED

2008 JAN -7 PM12:42
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

2008 JAN -8 PM 1:5
CLERK, U.S. DISTRICT-COUR
CENTRAL DIST. OF
CENTRAL DIST. OF CALIF
RIVERSIDE

FILED

UNITED DISTRICT DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ED CV 08 - 00016 FMC (FFM)

1

2

3

4

5

6

7

8

9

10   MICHAEL ANTHONY YANCY              CASE NO._____
                    Petitioner
11
             VS,                         PETITION FOR WRIT OF
12                                       HABEAS CORPUS
     GUILLERMINA HALL, WARDEN            28 USCA 2254
13                    RESPONDENT
14                                       530
     THE PEOPLE OF THE STATE OF
15   CALIFORNIA,
     THE REAL PARTY OF INTREST           Fee Due
16
17
18        PETITION FOR WRIT OF HABEAS CORPUS
19
20
21                          MICHAEL ANTHONY YANCY
22                          H-11683 302 46 LOW
                            CALIFORNIA REHAB CENTER
23                          NORCO, CALIFORNIA, 92860
                                              0991
24                          IN PROPRIA PERSONA

**VOLUMINOUS PLEADING
(FILED SEPARATELY)**

25

26

27

PAPER
F CALIFORNIA
3 (REV. 3-95)
10924



# EXIBITS

# COMPLAINT / INFORMATION
### CASE # CD175327
### PG's 5

IN CUSTODY

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
## CENTRAL DIVISION

|  |  |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | CT No.  CD175327 |
| Plaintiff, | DA No.  AAZ089 |
| v. |  |
| MICHAEL ANTHONY YANCY, | COMPLAINT-FELONY |
| *dob 02/07/59, Booking No. 03123297.A;* |  |
| Defendant |  |

```
INFORMATION

Date: _____
```

## CHARGE SUMMARY

| Count | Charge | Issue Type | Sentence Range | Special Allegations | Allegation Effect |
|---|---|---|---|---|---|
| 1 | PC245(a)(1) | Felony | 2-3-4 |  |  |
|  | YANCY, MICHAEL ANTHONY |  |  | PC1192.7(c)(23) | Serious |
| 2 | PC422 | Felony | 16-2-3/ 10,000 |  |  |
|  | YANCY, MICHAEL ANTHONY |  |  | PC12022(b)(1) | +1 Yr |
| 3 | PC236\237(a) | Felony | 16-2-3 |  |  |
|  | YANCY, MICHAEL ANTHONY |  |  | PC12022(b)(1) | +1 Yr |
| 4 | PC12316(b)(1) | Felony | 16-2-3 |  |  |
|  | YANCY, MICHAEL ANTHONY |  |  |  |  |

PC1054.3                          INFORMAL REQUEST FOR DISCOVERY

PC667(b) thru (i) and PC1170.12   "THREE STRIKES LAW"

The undersigned, certifying upon information and belief, complains that in the County of San Diego, State of California,
the Defendant(s) did commit the following crime(s):

# CHARGES

## COUNT 1 - ASSAULT WITH DEADLY WEAPON/FORCE LIKELY TO CAUSE GBI

On or about and between June 8, 2003 and June 9, 2003, MICHAEL ANTHONY YANCY did unlawfully commit an assault upon EWA GILBERT with a deadly weapon and instrument and by means of force likely to produce great bodily injury, in violation of PENAL CODE SECTION 245(a)(1).

And it is further alleged that in the commission and attempted commission of the above offense, the said defendant, MICHAEL ANTHONY YANCY, personally used a deadly weapon, to wit: a knife, within the meaning of PENAL CODE SECTION 1192.7(c)(23).

## COUNT 2 - MAKING A CRIMINAL THREAT

On or about June 8, 2003, MICHAEL ANTHONY YANCY did unlawfully and willfully threaten to commit a crime which would result in death and great bodily injury to another person, with the specific intent that the statement, made verbally, in writing, and by means of an electronic communication device, was to be taken as a threat (even if there was no intent of actually carrying it out), which, on its face and under the circumstances in which it was made, was so unequivocal, unconditional, immediate, and specific as to convey to the person threatened a gravity of purpose and an immediate prospect of execution of the threat, and thereby caused that person reasonably to be in sustained fear for his/her own safety and for his/her immediate family's safety, in violation of PENAL CODE SECTION 422.

And it is further alleged that in the commission and attempted commission of the above offense, the said defendant, MICHAEL ANTHONY YANCY, personally used a deadly and dangerous weapon, to wit: a knife, within the meaning of PENAL CODE SECTION 12022(b)(1).

## COUNT 3 - FALSE IMPRISONMENT BY VIOLENCE, MENACE, FRAUD, DECEIT

On or about June 8, 2003, MICHAEL ANTHONY YANCY did unlawfully violate the personal liberty of EWA GILBERT, said violation being effected by violence, menace, fraud and deceit, in violation of PENAL CODE SECTIONS 236 AND 237(a).

And it is further alleged that in the commission and attempted commission of the above offense, the said defendant, MICHAEL ANTHONY YANCY, personally used a deadly and dangerous weapon, to wit: a knife, within the meaning of PENAL CODE SECTION 12022(b)(1).

## COUNT 4 - PERSON PROHIBITED OWNING/POSSESSING AMMUNITION/FIREARM

On or about June 8, 2003, MICHAEL ANTHONY YANCY, a person prohibited from owning or possessing a firearm under section 12021 or 12021.1 of the Penal Code or section 8100 or 8103 of the Welfare and Institutions Code, did unlawfully own, posses and have under his/her custody and control, ammunition and reloaded ammunition, in violation of PENAL CODE SECTION 12316(b)(1).

# PRIORS

*IAEL ANTHONY YANCY:*

## ATION DENIAL PRIORS

l it is further alleged that said defendant, MICHAEL ANTHONY YANCY, was previously convicted twice or e in this state of a felony, and in any other place of a public offense which if committed in this state would be ished as a felony, within the meaning of PENAL CODE SECTION 1203(e)(4).

| | Date of Conviction | Court Number | Court | County | State |
|---|---|---|---|---|---|
| | 07/19/1990 | CR114966 | Superior Court | San Diego | CA |
| | 05/12/1993 | CR137846 | Superior Court | San Diego | CA |
| 2(A) | 09/22/1997 | SCD129852 | Superior Court | San Diego | CA |

## PRISON PRIOR

it is further alleged that said defendant, MICHAEL ANTHONY YANCY served a separate prison term for such ise(s), which under California law is punishable by imprisonment in state prison whether in California or vhere, and that he has not remained free of prison custody and free of the commission of an offense resulting in a iy(ies) conviction for five years subsequent to his release from prison for the felony(ies) below, within the meaning ENAL CODE SECTION 667.5(b) AND 668.

| | Date of Conviction | Court Number | Court | County | State |
|---|---|---|---|---|---|
| | 07/19/1990 | CR114966 | Superior Court | San Diego | CA |

## D PRISON PRIOR

it is further alleged that said defendant, MICHAEL ANTHONY YANCY served a separate prison term for such se(s), which under California law is punishable by imprisonment in state prison whether in California or here, and that he has not remained free of prison custody and free of the commission of an offense resulting in a y(ies) conviction for five years subsequent to his release from prison for the felony(ies) below, within the meaning ENAL CODE SECTION 667.5(b) AND 668.

| | Date of Conviction | Court Number | Court | County | State |
|---|---|---|---|---|---|
| | 05/12/1993 | CR137846 | Superior Court | San Diego | CA |

# PRIORS (cont'd)

*MICHAEL ANTHONY YANCY:*

## THIRD PRISON PRIOR

And it is further alleged that said defendant, MICHAEL ANTHONY YANCY served a separate prison term for such offense(s), which under California law is punishable by imprisonment in state prison whether in California or elsewhere, and that he has not remained free of prison custody and free of the commission of an offense resulting in a felony(ies) conviction for five years subsequent to his release from prison for the felony(ies) below, within the meaning of PENAL CODE SECTION 667.5(b) AND 668.

| Charge | Date of Conviction | Court Number | Court | County | State |
|--------|--------------------|--------------|-------|--------|-------|
| HS11352(A) | 09/22/1997 | SCD129852 | Superior Court | San Diego | CA |

## FIRST SERIOUS FELONY PRIOR

And it is further alleged that said defendant, MICHAEL ANTHONY YANCY, was convicted of the following serious felony(ies), separately brought and tried, which under California law is punishable by imprisonment in state prison, within the meaning of PENAL CODE SECTIONS 667(a)(1), 668, AND 1192.7(c).

| Charge | Date of Conviction | Court Number | Court | County | State |
|--------|--------------------|--------------|-------|--------|-------|
| PC211 | 07/19/1990 | CR114966 | Superior Court | San Diego | CA |

## SECOND SERIOUS FELONY PRIOR

And it is further alleged that said defendant, MICHAEL ANTHONY YANCY, was convicted of the following serious felony(ies), separately brought and tried, which under California law is punishable by imprisonment in state prison, within the meaning of PENAL CODE SECTIONS 667(a)(1), 668, AND 1192.7(c).

| Charge | Date of Conviction | Court Number | Court | County | State |
|--------|--------------------|--------------|-------|--------|-------|
| PC459 | 05/12/1993 | CR137846 | Superior Court | San Diego | CA |

## STRIKE PRIOR(S)

And it is further alleged pursuant to Penal Code sections 667(b) through (i), 1170.12, and 668 that the defendant, MICHAEL ANTHONY YANCY, has suffered the following prior conviction(s) and juvenile adjudication(s), which are now serious or violent felonies under California law whether committed in California or elsewhere.

| Charge | Date of Conviction | Court Number | Court | County | State |
|--------|--------------------|--------------|-------|--------|-------|
| PC211 | 07/19/1990 | CR114966 | Superior Court | San Diego | CA |
| PC459 | 05/12/1993 | CR137846 | Superior Court | San Diego | CA |

EXHIBIT





ABSTRACT OF JUDGMENT
SENTECING  MINUTE ORDER
OF    2-20-04
PG'S # 2

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE

SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM    CR-290.1

[Not to be used for multiple count convictions or for 1/3 consecutive sentences]

2/31/04 mg3

RIOR COURT OF CALIFORNIA, COUNTY OF:  **SAN DIEGO**

| LE OF THE STATE OF CALIFORNIA vs. | DOB: **02-07-59** | CASE NUMBER |
|---|---|---|
| DANT: MICHAEL ANTHONY YANCY | | **SCD175327** |

05969197

ING #:  03123297    ☐ NOT PRESENT

ITMENT TO STATE PRISON    ☐ AMENDED

RACT OF JUDGMENT    ABSTRACT

| OF HEARING  **02-20-04** | DEPT. NO.  **40** | JUDGE  **WILLIAM D. MUDD** |
|---|---|---|
| K  **P. SIRNA** | REPORTER  **R. STARK** | PROBATION NO. OR PROBATION OFFICER  **A590571** |
| NSEL FOR PEOPLE  **RENEE PALERMO** | COUNSEL FOR DEFENDANT  **BLAKE WILSON** | ☐ APPTD. |

Defendant was convicted of the commission of the following felony:

| CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO/DATE/YEAR) | CONVICTED BY | | | | TIME IMPOSED | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | JURY | COURT | PLEA | IF PRIM (I, M, U) | YRS. | MOS. |
| PC | 12316(B)(1) | POSS. AMMUNITION PERSON PROHIB. FIREARM | 2003 | 08-29-03 | | | X | U | 6 | 0 |

ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| JUDGMENT | SECTION NUMBER | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| 667.5(B) | 1 | PC667.5(B) | 1 | | | | 2 | 0 |

☒ Defendant was sentenced pursuant to PC 667 (b)-(i) or PC 1170.12 (two-strikes).

FINANCIAL OBLIGATIONS (including any applicable penalty assessments):

Restitution Fine(s):  $**200** per PC 1202.4(b) forthwith per PC 2085.5:  $**200** per PC 1202.45 suspended unless parole is revoked.

Restitution per PC 1202.4(f): ☐ $_____ / ☐ Amount to be determined    to ☐ victim(s)*    ☐ Restitution Fund
(*List victim name(s) if known and amount breakdown in item 7 below.)

Fine(s): $_____ per PC 1202.5. $_____ per VC 23550 or ____ days  ☐ county jail  ☐ prison in lieu of fine  ☐ CC  ☐ CS

Lab Fee: $____ per HS 11372.5(a) for counts ___ - ___ . ☐ Drug Program Fee of $150 per HS 11372.7(a).

TESTING:  a. ☐ AIDS pursuant to PC 1202.1    b. ☐ DNA pursuant to PC 296    c. ☐ other (specify):

Other orders (specify):  DEFENDANT TO BE KEPT SEPARATE FROM FELIPE VILLALBA

| TOTAL TIME IMPOSED EXCLUDING COUNTY JAIL TERM: | 8 | 0 |
|---|---|---|

☐ This sentence is to run concurrent with (specify):

Execution of sentence imposed
a. ☒ at initial sentencing hearing.
b. ☐ at resentencing per decision on appeal.
c. ☐ after revocation of probation.
d. ☐ at resentencing per recall of commitment. (PC 1170(d).)
e. ☐ other (specify):

| DATE SENTENCE PRONOUNCED  **02-20-04** | CREDIT FOR TIME SPENT IN CUSTODY  **267** | TOTAL DAYS: INCLUDING:  **400** | ACTUAL LOCAL TIME  **267** | LOCAL CONDUCT CREDITS  **133** | ☒ 4019 ☐ 2933.1 | TIME SERVED IN STATE INSTITUTION: | DMH | CDC | CRC |
|---|---|---|---|---|---|---|---|---|---|

The defendant is remanded to the custody of the sheriff ☒ forthwith  ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
To be delivered to  ☒ the reception center designated by the director of the California Department of Corrections.
☐ other (specify):

ERK OF THE COURT,  I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| EPUTY'S SIGNATURE  *Blevins* | DATE  **02-25-04** |
|---|---|
| BLEVINS | |

s form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

H Adopted for Mandatory Use
Judicial Council of California
-290.1 (Rev. January 1, 2003)

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE**
**SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM**

Penal Code
§§ 1170, 1213, 12

CO175327 DA AA7089.1
02-20-04 AT 08:30 M. 03123297

SUPERIOR COURT
CENTRAL
03123297

PROB HEAR-SENTENCING

ENT: HON WILLIAM D. MUDD     JUDGE PRESIDING DEPARTMENT ___ 040

REPORTER _R.Stark_    CSR # 5704

REPORTER'S ADDRESS: P.O. BOX 120128, SAN DIEGO, CA 92112-0128

A. Palumo
DEPUTY DISTRICT ATTORNEY

THE PEOPLE OF THE STATE OF CALIFORNIA

NCY    VS.    MICHAEL   A     F - B.WILSON
DEFENDANT      ATTORNEY FOR DEFENDANT (PD) (PCC) (RETAINED)

ATION OF PC12316(B)(1) Ct. 4        P.O. ____
              INTERP. ____ OATH ON FILE / SWN
S) per PC667.5(b)x2, PC667.(b)(1)    LANGUAGE ____

☒ DEFENDANT ☒ PRESENT ☐ NOT PRESENT ☐ NOT PRODUCED

☐ DEFENDANT ADVISED OF RIGHTS AND ADMITS / DENIES A VIOLATION OF PROBATION      ☐ WAIVES HEARING
☐ PROBATION IS / REMAINS: FORMALLY / SUMMARILY ☐ REVKD ☐ REINST ☐ MODIFIED ☐ CONT ☐ ST&C ☐ TERMD ☐ EXT TO: ____
☒ WAIVES ARRAIGNMENT. ☐ ARRAIGNED FOR JUDGMENT. ☐ IMPOSITION / EXECUTION OF SENTENCE IS SUSPENDED.
☒ PROBATION IS: ☒ DENIED ☐ GRANTED _____ YEARS (FORMAL/SUMMARY) TO EXPIRE ____
☐ COMMITMENT TO SHERIFF FOR _____ DAYS. STAYED TO _____ / PNDG. SUCC. COMPL. OF PROB. ☐ PAROLE NOT TO BE GRANTED
☐ PERFORM _____ HRS / DAYS PSP / VOL. WORK AT NONPROFIT ORG. SUBMIT PROOF TO PROBATION / COURT BY ____
☐ 4TH AMENDMENT WAIVER             ☐ FORMAL PROB. CONVERTS TO SUMM. PROB. ____
☐ FURTHER CONDITIONS ARE SET FORTH IN PROBATION ORDER. ☐ WORK FURLOUGH, REPORT: ____
☐ DEFENDANT IS COMMITTED TO THE CALIFORNIA YOUTH AUTHORITY    ☐ PER WI 1737
☒ DEFENDANT IS COMMITTED TO THE DEPARTMENT OF CORRECTIONS    ☐ PER PC 1170(d).
☒ FOR _____ LOWER / MIDDLE / UPPER / INDETERMINATE TERM OF ___ 6 ___ YEARS / MONTHS / TO LIFE
ON COUNT ___ 4 ___ CODE & NO. _PC12316(b)(1)_ ☐ PRINCIPAL COUNT. ☐ STIPULATED SENTENCE.
☒ DEFENDANT SENTENCED PER PC667(b)-(i)/1170.12. ☐ NOTICE OF FIREARMS PROHIBITION GIVEN PER PC 12021.
☐ NO VISITATION PER PC 1202.05. VICTIM IS UNDER 18 YRS. OF AGE. ☐ A TO COMPLY WITH NOTICES.
☐ DEFT. ADVISED REGARDING PAROLE / APPEAL RIGHTS. ☐ REGISTRATION PER PC 290 / HS 11590 / PC 457.1 / PC 186.30. ☐ TESTING PER PC 1202.1, HIV / PC 296 DN
☒ DEFENDANT TO PAY: FINE OF $ _____ PLUS PENALTY ASSESSMENT. ☐ $20 COURT SECURITY FEE. ☐ PROBATION COSTS. ☐ BOOKING FEE
   REST. FINE(S): $ _200_ PER PC 1202.4(b). ☒ FORTHWITH PER PC 2085.5. $ _20_ PER PC 1202.45 SUSP. UNLESS PAROLE REVK
☐ RESTITUTION TO VICTIM(S) PER P.O.'s REPORT / REST. FUND PER PC 1202.4(f) OF $ _____ / IN AN AMT. TO BE DETERMINED. ☐ JOINT & SEVER
☐ COURT-APPOINTED ATTORNEY FEES ORDERED IN THE AMOUNT OF $ ____
☐ INCOME DEDUCTION ORDER OF $ _____ PER PAY PERIOD PER PC 1202.42 STAYED UNLESS DEFT. FAILS TO PAY VICTIM REST. NOTICE OF RIGHTS PROVIDE
☐ AT THE COMBINED RATE OF $ _____ PER MONTH TO START 60 DAYS AFTER RELEASE / ON ____
☐ DEFENDANT IS REFERRED TO ☐ REVENUE & RECOVERY ☐ COURT COLLECTIONS TO SET UP AN ACCOUNT.
☐ DEFENDANT IS TO REPORT TO PROBATION / REV. & REC/ COURT COLLECTIONS FORTHWITH / WITHIN 72 HOURS OF RELEASE FROM CUSTODY.
☒ DEFENDANT REMANDED TO CUSTODY OF SHERIFF ☒ WITHOUT BAIL. ☐ WITH BAIL SET AS $ ____
☐ DEFENDANT TO REMAIN AT LIBERTY ☐ ON BOND POSTED $ _____ ☐ ON PROBATION. ☐ ON DEJ. ☐ ON OWN / SUPERVISED RECOGNIZANC
☐ DEFENDANT ORDERED RELEASED FROM CUSTODY ☐ ON PROBATION. ☐ ON OWN / SUPERVISED RECOGNIZANCE. ☐ ON DEJ. ☐ THIS CASE ONLY.
☐ DEFENDANT WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT.
☐ DEFENDANT REFERRED FOR DIAGNOSTIC EVALUATION. ☐ PER WI 707.2. ____
                 CONTINUED TO / SET FOR _____ AT _____ IN DEPT. _____ ON MOTI
OF COURT / DDA / DEFENDANT / PROBATION OFFICER. REASON: ____
☐ BENCH WARRANT TO ISSUE, BAIL SET AS $ _____ ☐ SERVICE FORTHWITH. ☐ ORDERED WITHHELD TO ____
☐ BENCH WARRANT ISSUED / ORDERED _____ IS RECALLED / RESCINDED.
☐ BAIL IS ☐ EXONERATED. ☐ FORFEITED. AMOUNT $ _____ BOND NO. ____
   BOND COMPANY _____ AGENT ____
☐ PROCEEDINGS SUSPENDED ☐ PER PC 1368, MENTAL COMPETENCY. (SEE BELOW FOR DATES OF EXAMINATION AND HEARING.)
            ☐ PER WI 3051, ADDICTION OR DANGER OF ADDICTION. SERVICE OF PETITION: ____
☐ PROBATION TO PREPARE SUPP. REPT. / SUBMIT POST-SENT REPT TO CDC PER PC 1203C ☐ REPT. TO REG. OF VOTERS. ☐ DMV ABSTRACT. B.A.C.
☐ CONCURRENT WITH / CONSECUTIVE TO: ____

CREDIT FOR TIME SERVED
267 DAYS LOCAL
___ DAYS STATE INST.
133 DAYS PC 4019 / 2933.
400 TOTAL DAYS CREDIT

_As to each PC667.5(b) 1 year (82) consecutive_
_Total term 8 years. from defendant Felipe_
_To be kept separate Villalon_

William D. Mudd
JUDGE OF THE SUPERIOR CO

CRIMINAL MINUTES - PRONOUNCEMENT OF JUDGEMENT

EXHIBIT



REPORTERS TRANSCRIPTS
DATED AUGUST 29, 2003
PLEA AGREEMENT
PG.S 2-7

1          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2               IN AND FOR THE COUNTY OF SAN DIEGO

3

4    DEPARTMENT D-31                    HON. MELINDA J. LASATER, JUDGE

5    THE PEOPLE OF THE STATE OF CALIFORNIA,

6                        PLAINTIFF,

7             AND                       CASE SCD175327

8    MICHAEL ANTHONY YANCY,

9                        DEFENDANT.

10   _____

11

12                    REPORTER'S TRANSCRIPT

13                     AUGUST 29, 2003

14                    PAGES 1 THROUGH 7

15   APPEARANCES:

16   FOR THE PLAINTIFF:        BONNIE M. DUMANIS
                               DISTRICT ATTORNEY
17                             GREG WALDEN
                               DEPUTY DISTRICT ATTORNEY
18                             OFFICE OF THE DISTRICT ATTORNEY
                               330 WEST BROADWAY
19                             SAN DIEGO, CALIFORNIA  92101

20   FOR THE DEFENDANT:        BLAKE WILSON
                               ATTORNEY AT LAW
21                             SAN DIEGO, CALIFORNIA 92101

22

23

24

25

26

27                     DALIA R. SMITH, CSR 8486
                       OFFICIAL COURT REPORTER
28                     SAN DIEGO, CALIFORNIA  92101

1       SAN DIEGO, CALIFORNIA, FRIDAY, AUGUST 29, 2003

2

3           THE CLERK:  NUMBER SIX, YANCY.

4           THE COURT:  PEOPLE OF THE STATE OF CALIFORNIA

5   VERSUS MICHAEL YANCY.

6               WOULD YOU LIKE TO STATE YOUR APPEARANCES.

7           MR. WILSON:  GOOD MORNING, YOUR HONOR.  MY NAME IS

8   BLAKE WILSON, APPEARING ON BEHALF OF MR. YANCY PURSUANT TO

9   PCC.  THIS MATTER IS READY FOR CHANGE OF PLEA.

10          MR. WALDEN:  GREG WALDEN ON BEHALF OF THE PEOPLE.

11

12              MICHAEL ANTHONY YANCY,

13      DEFENDANT, AFTER HAVING FIRST BEEN DULY SWORN,

14      TESTIFIED AS FOLLOWS:

15

16          THE COURT:  STATE YOUR FULL NAME AND SPELL YOUR

17  LAST FULL NAME FOR THE RECORD.

18          THE DEFENDANT:MICHAEL ANTHONY YANCY, Y-A-N-C-Y.

19          THE COURT:  AND HAVE YOU HAD ANY DRUGS OR ALCOHOL

20  IN THE LAST 24 HOURS?

21          THE DEFENDANT:NO.

22          THE COURT:  DO YOU READ AND UNDERSTAND ENGLISH?

23          THE DEFENDANT:YES, I DO.

24          THE COURT:  ARE YOU A CITIZEN OF THE UNITED STATES?

25          THE DEFENDANT:YES.

26          THE COURT:  ARE YOU NOW ON PROBATION OR PAROLE?

27          THE DEFENDANT:YES.

28          THE COURT:  DO YOU UNDERSTAND THAT IF YOU PLEAD

1   GUILTY IN THIS CASE IT COULD AFFECT YOUR STATUS -- I'M

2   SORRY -- IN THAT PROBATION CASE, THAT IT COULD RESULT IN

3   ITS REVOCATION AND YOU COULD BE SENTENCED UP TO THE MAXIMUM

4   ALLOWED UNDER THAT CASE; DO YOU UNDERSTAND THAT?

5          THE DEFENDANT: YEAH.

6          THE COURT:  I HAVE A CHANGE OF PLEA FORM HERE.

7   IT'S BLUE IN COLOR BECAUSE THIS IS A FELONY PLEA.  AND IN

8   EACH OF THE BOXES ON THE RIGHT HAND SIDE OF THE THREE PAGES

9   THERE ARE SOME INITIALS. AND ON THE LAST PAGE, THIRD OF

10  THE WAY DOWN, IS THAT SIGNATURE OVER THE THUMB PRINT, ARE

11  THOSE YOUR INITIALS, SIGNATURE, AND THUMB PRINT YOURS?

12         THE DEFENDANT: YES.

13         THE COURT:  DID YOU READ AND UNDERSTAND THE FORM?

14         THE DEFENDANT: YES.

15         THE COURT:  DO YOU HAVE ANY QUESTIONS FOR ME ABOUT

16  THE FORM OR ITS CONTENTS?

17         THE DEFENDANT: NO.

18         THE COURT:  HAVE YOU DISCUSSED THE FORM AND ITS

19  CONTENTS WITH YOUR ATTORNEY?

20         THE DEFENDANT: YES.

21         THE COURT:  HAVE YOU HAD ENOUGH TIME TO DO THAT?

22         THE DEFENDANT: YES.

23         THE COURT:  AS I UNDERSTAND THE PLEA NEGOCIATION IN

24  THE CASE YOU ARE GOING TO PLEAD GUILTY TO COUNT FOUR AND

25  ADMIT THE PRIOR ALLEGATIONS.  AND THOSE ALSO WOULD BE THE

26  STATE PRISON PRIORS.  AND THERE IS ONE STRIKE PRIOR AS

27  WELL, CORRECT?

28         THE DEFENDANT: YES.

1          THE COURT:  AND THEN THE PEOPLE ARE GOING TO

2    DISMISS THE REST OF THE CHARGES.   THERE IS A STIPULATED

3    8-YEAR SENTENCE TO STATE PRISON.   AND ANY STATE PRISON

4    SENTENCE THAT YOU SERVE WILL BE CONCURRENT WITH ANY PAROLE

5    REVOCATION.

6               IS THAT YOUR UNDERSTANDING OF THE COMPLETE

7    PLEA NEGOCIATION IN THIS CASE?

8          THE DEFENDANT:YES.

9          THE COURT:  HAS ANY OTHER PROMISES OR THREATS BEEN

10   MADE TO YOU TO GET YOU TO PLEAD GUILTY?

11         THE DEFENDANT:NO.

12         THE COURT:  NOW, DO YOU UNDERSTAND THAT YOU HAVE

13   THE FOLLOWING CONSTITUTIONAL RIGHTS:  YOU HAVE THE RIGHT TO

14   A PUBLIC AND SPEEDY JURY TRIAL; YOU HAVE THE RIGHT TO

15   CONFRONT AND CROSS-EXAMINE WITNESSES AGAINST YOU; YOU HAVE

16   A RIGHT TO PRESENT EVIDENCE ON YOUR OWN DEFENSE, AND YOU

17   HAVE THE RIGHT TO REMAIN SILENT?

18         THE DEFENDANT:YES.

19         THE COURT:  DO YOU UNDERSTAND IF YOU PLEAD GUILTY

20   YOU GIVE UP ALL THOSE RIGHTS?

21         THE DEFENDANT:YES.

22         THE COURT:  IS THAT WHAT YOU WANT TO DO AT THIS

23   TIME?

24         THE DEFENDANT:YES.

25         THE COURT:  WHAT'S THE MAXIMUM SENTENCE THAT YOU

26   COULD BE LOCKED UP FOR?

27         THE DEFENDANT:EIGHT YEARS.

28         THE COURT:  DO YOU UNDERSTAND THAT YOU ALSO HAVE

1  THE FOLLOWING CONSTITUTIONAL RIGHTS:  THAT YOU COULD HAVE

2  CONSECUTIVE SENTENCES.YOU WILL LOSE YOUR DRIVING

3  PRIVILEGES.  YOU WON'T BE ABLE TO POSSESS A FIREARM OR

4  AMMUNITION.  YOU MAY HAVE TO SUBMIT TO A BLOOD TEST AND

5  SALIVA SAMPLE.  THIS WOULD BECOME PRIORABLE BECAUSE YOU

6  WILL GO TO STATE PRISON.SO IF YOU COMMIT A FELONY IN THE

7  FUTURE, IT WILL BE ADDED AS A PRIOR.  IT BECOMES A PRISON

8  PRIOR.  AND THAT YOU WILL LOSE PUBLIC ASSISTANCE.  AND YOU

9  MAY HAVE TO DO AN AIDS EDUCATION PROGRAM.  AND BECAUSE OF

10  THE STRIKE PRIOR YOU'RE GOING TO HAVE TO SERVE 80 PERCENT

11  OF YOUR TIME.

12        THE DEFENDANT:CORRECT.

13        THE COURT:  HOW DO YOU PLEAD AT THIS TIME TO A

14  VIOLATION OF PENAL CODE SECTION 12316(B)(1); GUILTY OR NOT

15  GUILTY?

16        THE DEFENDANT:WHAT IS THAT?

17        THE COURT:  I KNEW YOU WERE GOING TO ASK ME THAT

18  QUESTION.

19        MR. WILSON:  FELONY POSSESSION --

20        MR. WALDEN:  AMMUNITION.

21        THE COURT:  I WANT TO GET IT AS IT'S PHRASED.

22  "PERSON PROHIBITED FROM OWNING, POSSESSING AMMUNITION OR

23  FIREARM."  IT'S BECAUSE OF THE FELONY THAT YOU HAVE THE

24  PRIOR FELONY THAT YOU HAVE, AND YOU POSSESSED SOME

25  AMMUNITION.  THAT'S COUNT ONE.

26          IF YOU WOULD LIKE I WILL READ THE WHOLE

27  CHARGE TO YOU.

28        THE DEFENDANT:NO, THAT'S ALL RIGHT.

1          THE COURT:  HOW DO YOU PLEAD TO COUNT FOUR?

2          THE DEFENDANT:GUILTY.

3          THE COURT:  AND DO YOU ADMIT OR DENY THE FIRST

4   PRISON PRIOR, WHICH IS PENAL CODE SECTION 211, ROBBERY, IN

5   1990?  DO YOU ADMIT OR DENY?

6          THE DEFENDANT:ADMIT.

7          THE COURT:  AND DO YOU ADMIT OR DENY THE SECOND

8   PRISON PRIOR, WHICH IS THE BURGLARY PRISON PRIOR, 1993?

9          THE DEFENDANT:ADMIT.

10         THE COURT:  AND DO YOU ADMIT OR DENY THE --

11               YOU ARE DISMISSING ONE STRIKE PRIOR.

12               WHICH ONE ARE YOU REQUESTING HIM TO PLEAD TO,

13   OR DO YOU CARE?

14         MR. WALDEN: WHICH ONE IS THE -- I LISTED IT ON THE

15   CHANGE OF PLEA FORM.

16         MR. WILSON:  THIS SHOWS NUMBER ONE PRIOR THAT WE

17   LIST, YOUR HONOR.

18         THE COURT:  OKAY.

19         MR. WILSON: THE DATE OUGHT TO BE WRITTEN ON THERE

20   IN MY POOR HANDWRITING.

21         THE COURT:  IT'S THE FIRST ONE.

22               AND DO YOU ADMIT OR DENY THE FIRST STRIKE

23   PRIOR, WHICH IS THE ROBBERY, IN 1990?

24         THE DEFENDANT:ADMIT.

25         THE COURT:  AND WHAT DID YOU DO TO BE GUILTY OF THE

26   OFFENSE OF THE POSSESSION OF AMMUNITION?

27         THE DEFENDANT:I HAD BULLETS IN MY POCKET.

28         THE COURT:  AND WERE YOU A CONVICTED FELON AT THE

1   TIME?

2           THE DEFENDANT: YES.

3           THE COURT:  PEOPLE SATISFIED WITH THE FACTUAL BASIS

4   AND THE TAKING OF THE PLEA?

5           MR. WALDEN: YES.

6           THE COURT:  COUNSEL, DO YOU CONCUR IN THE ENTRY OF

7   THE PLEA AND UNDERSTAND -- BELIEVE YOUR CLIENT UNDERSTANDS

8   HIS CONSTITUTIONAL RIGHTS, NATURE OF THE CHARGES AND THE

9   CONSEQUENCES OF THE PLEA?

10          MR. WILSON: I DO SO CONCUR.

11          THE COURT:  AT THIS TIME I WILL ACCEPT THE GUILTY

12  PLEA.  FIND THERE'S A FACTUAL BASIS, AND THAT HE IS MAKING

13  A KNOWING, INTELLIGENT, VOLUNTARY WAIVER OF HIS

14  CONSTITUTIONAL RIGHTS, AND THAT HE UNDERSTANDS THE NATURE

15  OF THE CHARGES AND CONSEQUENCES OF THE PLEA.

16              AND SET IT FOR PROBATION HEARING AND

17  SENTENCING.

18              AS I UNDERSTAND IT, YOU ARE GOING TO ACCEPT A

19  SHORT FORM REPORT.

20          MR. WILSON:  THAT'S RIGHT.  NO NEED FOR A FULL

21  PROBATION REPORT.

22          THE COURT:  AND THE DATE IS?

23          THE CLERK:  DUE COURSE, YOUR HONOR?

24          THE COURT:  IT'S DUE COURSE.

25          THE CLERK:  SEPTEMBER 29, 1:30, IN THIS DEPARTMENT.

26          THE COURT:  AND YOU ARE ORDERED TO RETURN AT THAT

27  TIME.

28              THANK YOU VERY MUCH.

```
 1            MR. WILSON:   GOOD DAY, YOUR HONOR.

 2            THE COURT:   THANK YOU.

 3

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                       ---o0o---
```

TICE:  If any of the above-named defendant(s) are presently on probation in San Diego County, any evidence ented at a Preliminary Examination in the instant case will be used not only for a basis for a holding in this case but as a circumstance for a violation of probation and, at any formal hearing at that violation of probation.  The People move the transcript of the Preliminary Examination into evidence as a basis for the violation and for sentencing ooses.

ʼuant to PENAL CODE SECTION 1054.5(b), the People are hereby informally requesting that defendant's counsel *ride* discovery to the People as required by PENAL CODE SECTION 1054.3.

ECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND AT THIS COMPLAINT, CASE NUMBER CD175327, CONSISTS OF 4 COUNTS.

cuted at San Diego, County of San Diego, State of California, on June 11, 2003.

COMPLAINANT

FCRMATION

BONNIE M. DUMANIS
District Attorney
County of San Diego
State of California
by:

:e

Deputy District Attorney

1    STATE OF CALIFORNIA   )
                           : SS.
2    COUNTY OF SAN DIEGO )

3

4        I, DALIA R. SMITH, CSR NO. 8486, AN OFFICIAL REPORTER OF THE SUPERIOR COURT
         OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF SAN DIEGO, DO
5    HEREBY CERTIFY THAT AS SUCH REPORTER I REPORTED IN SHORTHAND
     THE TESTIMONY ADDUCED AND THE PROCEEDINGS HAD AT THE HEARING
6    OF THE ABOVE-ENTITLED CAUSE, AND THAT THE FOREGOING TRANSCRIPT,
     CONSISTING OF PAGES 1 THROUGH 7, EXCLUSIVE, IS A FULL, TRUE AND
7    CORRECT RECORD OF THE TESTIMONY AND EVIDENCE ADDUCED AND
     PROCEEDINGS HAD AT THE HEARING OF SAID CAUSE.

8
         DATED THIS FEBRUARY 18, 2004 AT SAN DIEGO, CALIFORNIA.
9

10

11

12
     _____
13   DALIA R. SMITH, CSR NO. 8486

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT



REPORTERS TRANSCRIPT
DATED NOVEMBER 14, 2007
PG.S 12-15

12

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

DEPARTMENT NO. 31                    HON. WILLIAM D. MUDD, JUDGE

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | : |
| PLAINTIFF, | : |
| VS. | : |
| MICHAEL ANTHONY YANCY, | : |
| DEFENDANT. | : |

CASE NO. SCD175327

REPORTER'S TRANSCRIPT

NOVEMBER 14, 2003

APPEARANCES:

            FOR THE PLAINTIFF:      BONNIE M. DUMANIS, ESQ.
                                    DISTRICT ATTORNEY
                                    BY: ANTHONY CAMPAGNA, ESQ.
                                    DEPUTY DISTRICT ATTORNEY
                                    330 WEST BROADWAY
                                    SAN DIEGO, CALIFORNIA 92101


            FOR THE DEFENDANT:      M. BLAKE WILSON, ESQ.
                                    1532 SIXTH AVENUE
                                    SAN DIEGO, CALIFORNIA 92101




                                    ROBERT F. STARK, CSR #5104
                                    OFFICIAL COURT REPORTER
                                    SAN DIEGO, CALIFORNIA 92101

1       SAN DIEGO, CALIFORNIA, FRIDAY, NOVEMBER 14, 2003, 1:40 P.M.

2                            --OOO--

3           THE BAILIFF:  YOUR HONOR, THE NEXT ITEM IS 55.  YANCY.

4           MR. WILSON:  BLAKE WILSON APPEARING ON BEHALF OF MR. YANCY.

5               I SHOULD INFORM THE COURT THAT MR. YANCY HAS INFORMED

6       ME THAT HE DESIRES THAT I FILE A MOTION TO WITHDRAW HIS PLEA.

7       THEREFORE, I'M DUTY-BOUND TO ASK THAT THE COURT PUT OFF HIS

8       SENTENCING FOR TODAY AND SET A DATE FOR ME TO FILE THAT MOTION.

9       I'M ALSO INFORMED THAT HE HAS A COMMUNICATION WITH THE COURT TO

10      THAT EFFECT.

11          THE COURT:  WELL, HE'S WRITTEN A LETTER.

12              WELL, HE'S CERTAINLY ENTITLED TO DO WHATEVER HE FEELS

13      HE WANTS TO DO.

14              PEOPLE HAVE ANY PARTICULAR PROBLEM PUTTING THIS OVER?

15          MR. CAMPAGNA:  NO, YOUR HONOR.

16          THE COURT:  HOW MUCH TIME WOULD YOU LIKE, COUNSEL?

17          MR. WILSON:  I NEED TO INVESTIGATE WHETHER THERE'S A

18      CONFLICT THAT MIGHT GIVE RISE TO THE MOTION, SO I WOULD ASK THE

19      COURT TO PUT IT ON FOR A MONTH OUT FROM NOW.

20          THE COURT:  ALL RIGHT.

21              SIR, YOU'VE GOT A RIGHT TO BE SENTENCED TODAY.  YOU'VE

22      ASKED YOUR LAWYER TO DO SOMETHING THAT'S GOING TO TAKE SOME TIME.

23      IS IT ALL RIGHT WITH YOU IF WE PUT YOUR SENTENCING OVER?

24          THE DEFENDANT:  YES, SIR.

25          THE COURT:  OKAY.

26              COUNSEL, ARE YOU AVAILABLE ON MONDAY, DECEMBER 15TH?

27          MR. WILSON:  THAT'S WHAT I WAS LOOKING AT, YOUR HONOR.

28          THE COURT:  ALL RIGHT.

1          SENTENCING WILL GO OVER TO MONDAY, DECEMBER 15TH.

2          PROBATION NEED DO NOTHING OTHER THAN HAVE A CUSTODY

3     UPDATE.

4          IF A MOTION IS TO BE FILED, MAKE SURE IT'S TIMELY FILED

5     SO THE PEOPLE HAVE ADEQUATE TIME TO RESPOND.

6        MR. WILSON:  YES, YOUR HONOR.

7        THE COURT:  ALL RIGHT.

8          THAT WILL BE THE ORDER.

9          (RECESS, 1:44 O'CLOCK, P.M., TO 1:30 O'CLOCK, P.M.,

10    MONDAY, DECEMBER 15, 2003.)

11                          --OOO--

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

```
STATE OF CALIFORNIA        )
                           :    SS:
COUNTY OF SAN DIEGO        )
```

    I, ROBERT F. STARK, CSR, CERTIFICATE NUMBER 5104, AN

OFFICIAL REPORTER OF THE SUPERIOR COURT OF THE STATE OF

CALIFORNIA, IN AND FOR THE COUNTY OF SAN DIEGO, HEREBY CERTIFY

THAT I REPORTED IN MACHINE SHORTHAND THE PROCEEDINGS IN THE

WITHIN CASE, AND THAT THE FOREGOING TRANSCRIPT, CONSISTING OF

PAGES NUMBERED FROM 12 TO 14, INCLUSIVE, IS A FULL, TRUE,

AND CORRECT TRANSCRIPTION OF THE PROCEEDINGS IN THIS CASE.

    DATED AT SAN DIEGO, CALIFORNIA, THIS 18TH DAY OF

FEBRUARY, 2004.

                                              _____

                                            ROBERT F. STARK
                                   OFFICIAL COURT REPORTER

# EXHIBITS



REPORTERS TRANSCRIPT
CONFLICT OF INTREST
DATED DECEMBER 15, 2003
PGS 16-18

EXHIBIT
E

16

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

DEPARTMENT NO. 31                    HON. WILLIAM D. MUDD, JUDGE

```
                                    :
THE PEOPLE OF THE STATE OF          :
CALIFORNIA,                         :
                                    :
                PLAINTIFF,          :
                                    :
    VS.                             :     CASE NO. SCD175327
                                    :
MICHAEL ANTHONY YANCY,              :
                                    :
                DEFENDANT.          :
                                    :
```

REPORTER'S TRANSCRIPT

DECEMBER 15, 2003

APPEARANCES:

        FOR THE PLAINTIFF:      BONNIE M. DUMANIS, ESQ.
                                DISTRICT ATTORNEY
                                BY: ANNE MARIE URRUTIA, ESQ.
                                DEPUTY DISTRICT ATTORNEY
                                330 WEST BROADWAY
                                SAN DIEGO, CALIFORNIA 92101


        FOR THE DEFENDANT:      M. BLAKE WILSON, ESQ.
                                1532 SIXTH AVENUE
                                SAN DIEGO, CALIFORNIA 92101




                                ROBERT F. STARK, CSR #5104
                                OFFICIAL COURT REPORTER
                                SAN DIEGO, CALIFORNIA 92101

1    SAN DIEGO, CALIFORNIA, MONDAY, DECEMBER 15, 2003, 1:40 P.M.

2                                  --OOO--

3        THE BAILIFF:  YOUR HONOR, THE NEXT ITEM IS 59, YANCY.

4        MR. WILSON:  GOOD AFTERNOON, YOUR HONOR.  BLAKE WILSON

5    APPEARING ON BEHALF OF MR. YANCY.

6            THIS WAS PUT OVER FROM THE LAST SENTENCING DATE SO THAT

7    I COULD INVESTIGATE A POSSIBLE MOTION TO WITHDRAW HIS PLEA.  I

8    DID MEET WITH HIM, AND BASED UPON THE OUTCOME OF THAT MEETING I

9    HAVE DETERMINED THERE IS A CONFLICT OF INTEREST.  I'M ASKING TO

10   BE RELIEVED AND THAT NEW COUNSEL BE APPOINTED FOR MR. YANCY.

11       THE COURT:  WELL, I WILL SAY THAT I HAVE READ JUDGE

12   LASATER'S CHANGE-OF-PLEA TRANSCRIPT, AND IT SEEMS QUITE

13   SUFFICIENT AND QUITE ALL-ENCOMPASSING.

14           THE WAY I DO THIS, MR. WILSON, IS VERY SIMPLE.  I'M NOT

15   GOING TO RELIEVE YOU AS ATTORNEY OF RECORD.  HOWEVER, I WILL

16   APPOINT NEW P. C. C. COUNSEL TO LOOK INTO WHETHER OR NOT THERE

17   EXISTS LEGAL CAUSE TO WITHDRAW THE PLEA.  WE'LL PUT THIS MATTER

18   OVER FOR A SHORT PERIOD OF TIME IN WHICH TO HAVE COURT-APPOINTED

19   COUNSEL APPEAR.  AND THEN WE'LL SET A BRIEFING SCHEDULE IN THE

20   EVENT THAT ATTORNEY BELIEVES SUCH A MOTION IS WARRANTED.

21           SIR, YOU HAVE A RIGHT TO BE SENTENCED TODAY.  DO YOU

22   AGREE THAT WE CAN PUT THIS MATTER OVER SO I CAN HAVE YOU TALK TO

23   A LAWYER ABOUT POTENTIAL MOTIONS?

24       THE DEFENDANT: (THE DEFENDANT LOOKED AT MR. WILSON.)

25           YES, SIR.

26       THE COURT:  IT'S YOUR CALL.

27       THE DEFENDANT:  YES, SIR.

28       THE COURT:  ALL RIGHT.

1          FIRST OF ALL I WANT IT CONSISTENT WITH YOUR CALENDAR,

2    MR. WILSON, JUST SO YOU CAN BE HERE AND ANSWER ANY INQUIRIES

3    COUNSEL MAY HAVE.  I WOULD PROPOSE TO PUT THIS ON CALENDAR EITHER

4    THE 5TH, 6TH, OR 7TH OF JANUARY.  IT WILL BE AT 8:30 A.M., AND IT

5    WOULD BE IN DEPARTMENT 40.

6          MR. WILSON:  THE 7TH IS GOOD FOR ME, YOUR HONOR.

7          THE COURT:  ALL RIGHT.

8          SENTENCING AND POTENTIAL MOTIONS WILL GO OVER TO

9    JANUARY 7TH.  NOTE THAT AS 8:30 IN DEPARTMENT 40.

10          WE'LL APPOINT NEW P. C. C. COUNSEL TO INQUIRE WHETHER A

11   MOTION IS MERITED.

12          ALL RIGHT.  SEE YOU THEN.

13          MR. WILSON:  GOOD DAY.

14          THE COURT:  ALL RIGHT.

15          (RECESS, 1:43 O'CLOCK, P.M., TO 8:30 O'CLOCK, A.M.,

16   WEDNESDAY, JANUARY 7, 2004.)

17                              --OOO--

18

19

20

21

22

23

24

25

26

27

28

19

STATE OF CALIFORNIA          )
                             :     SS:
COUNTY OF SAN DIEGO          )


        I, ROBERT F. STARK, CSR, CERTIFICATE NUMBER 5104, AN

OFFICIAL REPORTER OF THE SUPERIOR COURT OF THE STATE OF

CALIFORNIA, IN AND FOR THE COUNTY OF SAN DIEGO, HEREBY CERTIFY

THAT I REPORTED IN MACHINE SHORTHAND THE PROCEEDINGS IN THE

WITHIN CASE, AND THAT THE FOREGOING TRANSCRIPT, CONSISTING OF

PAGES NUMBERED FROM 16 TO 18, INCLUSIVE, IS A FULL, TRUE,

AND CORRECT TRANSCRIPTION OF THE PROCEEDINGS IN THIS CASE.

        DATED AT SAN DIEGO, CALIFORNIA, THIS 18TH DAY OF

FEBRUARY, 2004.



                        _____
                            ROBERT F. STARK
                        OFFICIAL COURT REPORTER

EXHIBIT

G

WRIT OF HABEAS CORPUS
TO THE STATE SUPREME COURT

Case 3:08-cv-00163-JAH-LSP    Document 1    Filed 01/25/2008    Page 37 of 72
MC-275
Case 5:08-cv-00018-TMC-AFM    Document 1-8    Filed 01/08/2008    Page 2 of 32

ss DORM # 302, BED # 46 LOW

3.C. P.O. BOX 3535

RCO, CA. 92860-0991

ar ID Number  H11683

CALiFORNiA, SUPREME, COURT

_____
(Court)

PETITION FOR WRIT OF HABEAS CORPUS

ichAEL ANTHONY YANCY

er

vs.

No. _____
(To be supplied by the Clerk of the Court)

IlERMINA HALL WARDEN

ndent

## INSTRUCTIONS—READ CAREFULLY

you are challenging an order of commitment or a criminal conviction and are filing this petition in the
uperior Court, you should file it in the county that made the order.

you are challenging the conditions of your confinement and are filing this petition in the Superior Court,
ou should file it in the county in which you are confined.

ead the entire form *before* answering any questions.

his petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and
rrect. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction
r perjury.

swer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your
swer is "continued on additional page."

ou are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies.
any courts require more copies.

ou are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy
any supporting documents.

ou are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound,
copies of any supporting documents.

tify the Clerk of the Court in writing if you change your address after filing your petition.

nost cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See
nal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

ved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective
y 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme
and Court of Appeal.

Page one of six

oroved by the
ncil of California
rv. July 1, 2005]
**PETITION FOR WRIT OF HABEAS CORPUS**
Penal Code, § 1473 et seq.
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

This petition concerns:

[ ] A conviction

[X] A sentence

[ ] Credits

[ ] Jail or prison conditions

[ ] Prison discipline

[ ] Other (specify): _____

Your name: MICHAEL ANTHONY YANCY

Where are you incarcerated? CALIFORNIA REHABILITATION CENTER, NORCO, CA.

Why are you in custody? [X] Criminal Conviction    [ ] Civil Commitment

Answer subdivisions a. through i. to the best of your ability.

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

PERSON PROHIBITED OWNING/POSSESSION AMMUNITION/FIREARM, WHICH ENHANCEMENT FOR

PRIOR PRISON TERMS

b. Penal or other code sections: P.C. §12316(B)(1) AND P.C. §667.5(B)

c. Name and location of sentencing or committing court: SAN DIEGO SUPERIOR COURT, COUNTY OF SAN DIEGO,

220 WEST BROADWAY, DEPARTMENT #40, SAN DIEGO, CA.

d. Case number: SCD175327

e. Date convicted or committed: 2/20/04

f. Date sentenced: 2/20/04

g. Length of sentence: 8 YEARS @ 80%

h. When do you expect to be released? 8/09

i. Were you represented by counsel in the trial court? [X] Yes.    [ ] No. If yes, state the attorney's name and address:

BLAKE WILSON, SAN DIEGO, CA.

What was the LAST plea you entered? (check one)

[ ] Not guilty    [ ] Guilty    [X] Nolo Contendere    [ ] Other: _____

If you pleaded not guilty, what kind of trial did you have?

[ ] Jury    [ ] Judge without a jury    [ ] Submitted on transcript    [ ] Awaiting trial

Case 3:08-cv-00163-FMC-FFM    Document 1-8    Filed 01/08/2008    Page 4 of 32

Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." (If you have additional grounds for relief, use a separate page for each ground. Number each additional ground in order. For additional grounds, make copies of page four and number the additional grounds in order.)

"SEE ATTACHED PETITION"

_____
_____
_____
_____
_____

a.  Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. If necessary, attach additional pages. CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time *(when)* or place *(where)*. (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

"SEE ATTACHED PETITION"

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

b.  Supporting cases, rules, or other authority (optional):

(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

"SEE ATTACHED PETITION"

_____
_____
_____
_____

a. Supporting facts:

"SEE ATTACHED PETITION"

Supporting cases, rules, or other authority:

"SEE ATTACHED PETITION"

Case 3:08-cv-00016-FMC-FFM    Document 1-8    Filed 01/08/2008    Page 6 of 32

Name of court ("Court of Appeal or "Appellate Dept of Superior Court"):
_____

Result _____    c.  Date of decision: _____

Case number or citation of opinion, if known: _____

Issues raised:  (1) _____

(2) _____

(3) _____

. Were you represented by counsel on appeal?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:
_____
_____

d you seek review in the California Supreme Court?  ☐ Yes  ☒ No.   If yes, give the following information:

Result _____    b.  Date of decision: _____

Case number or citation of opinion, if known: _____

Issues raised:  (1) _____

(2) _____

(3) _____

your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal,
plain why the claim was not made on appeal:

"SIGNIFICANT SUPERVENING CHANGES IN THE CALIFORNIA'S DSL"
_____
_____

ministrative Review:

If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust
administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975)
52 Cal.App.3d 500 [125 Cal.Rptr. 286].)  Explain what administrative review you sought or explain why you did not seek such
review:

N/A
_____
_____
_____
_____
_____
_____
_____

Did you seek the highest level of administrative review available?  ☐ Yes  ☒ No.
*Attach documents that show you have exhausted your administrative remedies.*

2. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☐ Yes. If yes, continue with number 13.

3. a. (1) Name of court: COUNTY OF SAN DIEGO, SAN DIEGO SUPERIOR COURT

    (2) Nature of proceeding (for example, "habeas corpus petition"): HABEAS CORPUS PETITION

    (3) Issues raised: (a) SAME AS THIS PETITION

        (b)

    (4) Result (Attach order or explain why unavailable): RELIEF REQUESTED WAS DENIED

    (5) Date of decision: MARCH 23, 2007

  b. (1) Name of court:

    (2) Nature of proceeding:

    (3) Issues raised: (a)

        (b)

    (4) Result (Attach order or explain why unavailable):

    (5) Date of decision:

  c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

SIGNIFICANT SUPERVENING CHANGE IN THE LAW. THERE ARE NO DELAYS, THIS PETITION IS BROUGHT FORTH "DUE DILEGENCE".

Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

Do you have any petition, appeal, or other matter pending in any court? ☒ Yes. ☐ No. If yes, explain:

PETITIONER FILED A MOTION FOR SENTENCING TRANSCRIPT IN THE SAN DIEGO SUPERIOR COURT BUT THE COURT DENIED SAID MOTION.

If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

THE CONTENTIONS/ARGUMENTS PRESENTED TO THIS COURT OF APPEALS WAS SUBMITTED TO THE LOWER COURT FOR RELIEF AND THE LOWER COURT DENIED RELIEF ENTITLED.

undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the going allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to e matters, I believe them to be true.

5/22/07          ▶ _Michael A. Yancey_
                            (SIGNATURE OF PETITIONER)

MC-275 (Rev. July 1, 2005)    PETITION FOR WRIT OF HABEAS CORPUS    Page six of six

MICHAEL ANTHONY YANCY, CDCR #H-11683
DORM #302, BED #46 LOW
CALIFORNIA REHABILITATION CENTER
P. O. BOX 3535
NORCO, CA. 92860-0991

CALIFORNIA COURTS OF APPEAL

FOURTH APPELLATE DISTRICT

| | |
|---|---|
| MICHAEL ANTHONY YANCY,<br>            PETITIONER,<br><br>        -VS-<br><br>GUILLERMINA HALL, WARDEN,<br>            RESPONDENT, | NO.:_____<br>(TO BE SUPPLIED BY THE COURT CLERK)<br><br>PETITION FOR WRIT OF HABEAS CORPUS |

PETITION FOR WRIT OF HABEAS CORPUS

PETITIONER, MICHAEL ANTHONY YANCY, PETITIONS THIS HONORABLE COURT FOR A WRIT OF HABEAS CORPUS, AND BY THIS VERIFIED PETITION ALLEGES,

I.

PETITIONER IS IN THE CUSTODY OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, PRESENTLY CONFINED AT CALIFORNIA REHABILITATION CENTER, IN NORCO, CALIFORNIA, TO A JUDGEMENT BY THE SUPERIOR COURT OF THE COUNTY OF SAN DIEGO, IN COURT CASE NUMBER SCD175327, IN WHICH PETITIONER PLEAD GUILTY TO THE CHARGE OF "POSSESSION AMMUNITION PERSON PROHIBIT FIREARM".

II.

IN ADDITION TO THE EXHIBITS ATTACHED HERETO, THIS PETITION IS BASED ON ALL THE RECORDS AND PLEADINGS IN THE SAN DIEGO SUPERIOR COURT, CASE NUMBER SCD175327.

-1-

III.

THIS PETITION FOR WRIT OF HABEAS CORPUS ALLEGES THAT THE TRIAL COURT IMPOSED A UNCONSTITUTIONAL AND ILLEGAL SENTENCE BY IMPOSING THE UPPER TERM OF THREE (3) YEARS ON COUNT FOUR (4) [PERSON PROHIBITED OWNING/POSSESSION AMMUNITION/FIREARM] BASED ON FACTS NOT FOUND BY A JURY BEYOND A REASONABLE DOUBT VIOLATIVE OF THE SIXTH AND FOURTEENTH AMEDMENT TO THE UNITED STATES CONSTITUTION.

IV.

## STATEMENT OF FACTS

ON JUNE 8, 2003, PETITIONER WAS CHARGED IN A FIVE COUNT INDICTMENT OF THE FOLLOWING OFFENSES: COUNT ONE "ASSAULT WITH A DEADLY WAEPON/FORCE LIKELY TO CAUSE GBI (P. C. §245(a)(1)", COUNT TWO "MAKING A CRIMINAL THREAT (P. C. §422)", COUNT THREE "FALSE IMPRISONMENT BY VIOLENCE, MENACE, FRAUD, DECEIT (P. C. §236 & §237(a)", COUNT FOUR "PERSON PROHIBITED OWNING/POSSESSION AMMUNITION/FIREARM (P. C. §12316(B) (1)"AND COUNT FIVE "KIDNAPPING (P. C. §207)".

ON FEBRUARY 20, 2004, THE TRIAL COURT DISMISSED COUNT 1, 2, 3 AND 5 AND SENTENCED PETITIONER TO THE UPPER TERM OF THREE (3) YEARS ON COUNT FOUR (4). THE IMPOSITION OF SENTENCE CONSISTED OF THE UPPER TERM OF THREE (3) YEARS DOUBLE TO SIX (6) YEARS AND TWO (2) ADDITIONAL YEARS FOR PRIOR IMPRISONMENT. PETITIONER CONTEND THAT THE TRIAL COURT IMPOSED A TOTAL SENTENCE OF EIGHT (8) YEARS AT SAID SENTENCE TO BE SERVED AT 80%. PETITIONER ARTICULATES THAT IMPOSITION OF THE UPPER TERM OF THREE (3) YEARS ON COUNT FOUR (4) [PERSON PROHIBITED OWNING/POSSESSION AMMUNITION/FIREARM] BASED ON FACTS NOT FOUND BY A JURY BEYOND A REASONABLE DOUBT IS VIOLATIVE OF HIS SIXTH AND FOURTEENTH AMENDMENT GUARANTEED PURSUANT TO THE UNITED STATES CONSTITUTION. IN ADDITIONAL, PURSUANT TO CALIFORNIA DSL THE MIDDLE TERM IS THE STATUTORY MAXIMUM THE TRIAL COURT JUDGE COULD IMPOSE BASED ON FACTS NOT FOUND BY A JURY BEYOND A REASONABLE DOUBT. PETITIONER FURTHER CONTEND THAT TRIAL COUNSEL WAS INEFFECTIVE BASED ON THE FACT, COUNSEL ALLOWED PETITIONER TO PLEA GUILTY TO IMPOSITION OF THE UPPER TERM A UNCONSTITUTIONAL SENTENCE.

-2-

After Several sentence Hearings (See Attached Exibits) Petitioner was sentenced to the term afermentioned.

Petitioners trial counsel Failed to Object to the Imposition of the upper term (Doubled) plus 2 years of enhancements For A total of 8 years.

His Attorney Failed to Object to the denial of His motion to Withdraw His Plea and the denial of His mansden Hearing (See Attached Exibits)

Finally His trial Counsel Did not File A timely notice of Appeal, nor inform Petitioner of the Right to File Within 60 days.

Petitioner is A Layman at Law With no Formal training or expertese in Law, thus His Appeal Was Lost Forever because of the Actions of His trial Counsel

Petitioner Has no other remedy except by Way f Petition-For Writ of Habeas Corpus.

His Petition Has been denied by the Superior Court, And the 4th District Court of Appeal, those denials Are Attached by Way of Exibit

- 3 -

## Prayer For Relief

Petitioner, Herein Respectfully Requests this Honorable Court to Issue the Writ, Directing the Superior Court of San Diego to Amend the Abstract of Judgement, to reflect the middle term of 2 years doubled to 4 years plus the 2 year enHancement for a total of 6 years.

Or in the Alternative grant Petitioner a Show Cause Hearing in this Court, And to Appoint counsel to brief And Argue His case before the court. or grant Him Any other relief that is in the best interest of Justice And Fair Play.

Petitioner is a layman At Law, And He Asks the court to View the matter in that Respect, And to not be so strict As to deny Him for Any Proceedural errors or mestakes but rather / on the merits of His Claims.

Respectfully Submitted

5/22/07    Michael A Yancey

Michael Anthony Yancey

-4-    In Pro Per    -4-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### PETITIONER'S RIGHT TO A JURY TRIAL AND DUE PROCESS OF LAW WERE VIOLATED WHEN THE TRIAL COURT IMPOSED THE UPPER TERM OF IMPRISONMENT BASED ON FACTS NOT FOUND BY A JURY BEYOND A REASONABLE DOUBT

ON COUNT FOUR (4), PETITIONER WAS SENTENCED TO THE UPPER TERM OF THREE YEARS (DOUBLE TO SIX YEARS). ALSO, PETITIONER WAS SENTENCED TO TWO (2) YEARS ADDITIONALLY FOR PRIOR PRISON COMMITMENTS FOR A TOTAL TERM OF EIGHT (8) YEARS AT 80%.

A.      INTRODUCTION-THE BLAKELY DECISION AND ITS IMPLICATIONS

ON JUNE 24, 2004, THE SUPREME COURT OF THE UNITED STATES DECIDED BLAKELY V. WASHINGTON, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403. THE COURT'S DECISION IN BLAKELY RENDERS UNCONSTITUTIONAL PORTIONS OF CALIFORNIA'S DETERMINATE SENTENCING SCHEME, INCLUDING THE PROVISION OF PENAL CODE SECTION §1170(b)  WHICH AUTHORIZES JUDGES, NOT JURIES TO MAKE FACTUAL FINDINGS IN CONNECTION WITH AGGRAVATING FACTORS USED TO IMPOSED THE UPPER TERM. THE SENTENCING COURT IN THIS CASE IMPOSED THE UPPER TERM BASED UPON FACTUAL FINDINGS WHICH WERE NOT FOUND BY A JURY. THE TRIAL COURT ALSO ERRED IN FAILING TO APPLY THE PROOF BEYOND A REASONABLE DOUBT STANDARD TO IT FACTUAL FINDINGS. THUS, PETITIONER'S SENTENCE WAS IMPOSED IN VIOLATION OF HIS' FEDERAL CONSTITUTIONAL RIGHT TO A JURY TRIAL AND PROOF BEYOND A REASONABLE DOUBT. (SEE U.S. CONST., AMEND. VI AND XIV.)

### II.
### PETITIONER HAD A FEDERAL CONSTITUTIONAL RIGHT TO A JURY TRIAL, AND PROOF BEYOND A REASONABLE DOUBT, WITH RESPECT TO FACTS UNDERLYING THE AGGRACATING FATORS USED TO IMPOSE THE UPPER TERM

IN THE SEMINAL CASE OF APPRENDI V. NEW JERSEY, (2000) 530 U.S. 466, THE SUPREME COURT OF THE UNITED STATES HELD THAT THERE IS A FEDERAL CONSTITUTIONAL RIGHT TO A JURY TRIAL AND PROOF BEYOND A REASONABLE DOUBT "FOR ANY FACT (OTHER THAN PRIOR CONVICTION) THAT INCREASES THE MAXIMUM PENALTY FOR A CRIME." (APPRENDI 530 U.S. at p. 476 (quoting JONES V. UNITED STATES (1999) 526 U.S. 227, 243 fn.6.) IN LIGHT OF BLAKELY, IT IS NOW APPARENT THAT THERE IS A FEDERAL CONSTITUTIONAL RIGHT TO A JURY TRIAL, AND PROOF BEYOND A REASONABLE DOUBT, ON AGGRAVATING FACTORS USED TO IMPOSE THE UPPER TERM UNDER CALIFORNIA'S DSL.

III.
THE RIGHT TO A JURY TRIAL APPLIES TO FACTS USED TO IMPOSED A
SENTENCE ABOVE THE STATUTORY MAXIMUM

IN APPRENDI, THE COURT HELD THAT THE DEFENDANT HAD A CONSTITUTIONAL RIGHT TO A
JURY TRIAL ON THE FACTUAL UNDERLYING THE NEW JERSEY HATE-CRIME ENHANCEMENT APPLIED
TO HIS SENTENCE. THAT ENHANCEMENT RAISED THE MAXIMUM POSSIBLE SENTENCE FROM 10
YEARS TO 20 YEARS UPON A FINDING THAT THE OFFENSE WAS COMMITTED WITH THE INTENT TO
TO INTIMIDATE BECAUSE OF THE VICTIM'S RACE, COLOR, GENDER, HANDICAP, AND VARIOUS
OTHER STATUTES. (Id. at pp. 468-469.) TWO YEARS LATER, IN RING V. ARIZONA (2002)
536 U.S. 584, 592-593 and n. 1) THE COURT "APPLIED APPRENDI TO AN ARIZONA LAW THAT
AUTHORIZED THE DEATH PENALTY IF THE JUDGE FOUND ONE OF TEN AGGRAVATING FACTORS."
(BLAKELY, SUPRA, 540 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403.)[CITING APPRENDI
530 U.S. at 491-497; RING, 536 U.S. at 603-609])

IN APPLYING THESE PRECEDENTS TO THE STATE SENTENCING GUIDELINES AT ISSUE IN
BLAKELY, THE COURT CLARIFIED THAT "THE 'STATUTORY MAXIMUM' FOR APPRENDI PURPOSES IS
THE MAXIMUM SENTENCE A JUDGE MAY IMPOSE "SOLELY ON THE BASIS OF THE FACTS REFLECTED
IN THE JURY VERDICT (NO JURY IN THIS CASE)"". (BLAKELY, SUPRA, 542 U.S. 296, 124
S. Ct. 2531, 159 L. Ed. 2d 403.) [EMPHASIS IN ORIG. AND CITING RING, HARRIS AND
APPRENDI].) STATED ANOTHER WAY, "THE RELEVANT 'STATUTORY MAXIMUM' IS NOT THE
MAXIMUM SENTENCE A JUDGE MAY IMPOSE AFTER FINDING ADDITIONAL FACTS, BUT THE
MAXIMUM HE MAY IMPOSE WITHOUT ANY ADDITIONAL FINDINGS."

IV.
UNDER CALIFORNIA'S DSL, THE APPLICABLE "STATUTORY MAXIMUM" IS
THE MIDDLE TERM SENTENCE

UNDER CALIFORNIA'S DETERMINATE SENTENCING LAW, THE MAXIMUM SENTENCE A JUDGE
MAY IMPOSE WITHOUT ANY ADDITIONAL FINDINGS IS THE MIDDLE TERM. "WHEN A JUDGEMENT OF
IMPRISONMENT IS TO BE IMPOSED AND THE STATUTE SPECIFIES THREE POSSIBLE TERMS, THE
COURT SHALL ORDER IMPOSITION OF THE MIDDLE TERM, UNLESS THERE ARE CIRCUMSTANCES IN
AGGRAVATION OR MITIGATION OF THE CRIME." (PENAL CODE §1170(b); SEE ALSO CAL. RULES
OF COURT, RULE 4.420(a) & (b); cf., e.g. PEOPLE V. PICENO (1987) 195 CAL. APP. 3d

-6-

1  1353, 1360.) BECAUSE THE MAXIMUM TERM WITHOUT THE FINDING IS THE MIDDLE TERM, THE

2  UPPER TERM MAY NOT BE IMPOSED WHERE, AS IN THIS CASE, THE AGGRAVATING FACTORS WERE

3  NOT FOUND BY A JURY.

4                                    V.
           UNDER BLAKELY V. WASHINGTON INCREASE SENTENCING BASED ON A JUDGE-
5          MADE FACTUAL FINDING IS IMPROPER, EVEN IF THE FACT RELATED TO A
           PRIOR CONVICTION; ALMENDAREZ-TORRES V. UNITED STATES DOES NOT
6          HOLD OTHERWISE

7       PRIOR TO BLAKELY, THE UNITED STATES SUPREME COURT IN ALMENDAREZ-TORRES V. UNITED

8  STATES (1998) 523 U.S. 224, 246-247, THE UNITED STATES SUPREME COURT HELD THERE

9  WAS NO SIXTH AMENDMENT RIGHT TO JURY TRIAL ON THE FAT OF A PRIOR CONVICTION FOR

10  RECIDIVIST STATUTE. THE DEFENDANT IN ALMENDAREZ-TORRES ARGUED THAT THE FACT OF HIS

11  PRIOR CONVICTION, WHICH WAS USED TO INCREASE HIS PUNISHMENT, WAS AN ELEMENT OF HIS

12  OFFENSE AND SHOULD HAVE BEEN CHARGED IN THE INDICTMENT. THE UNITED SUPREME COURT

13  REJECTED THIS ARGUMENT, HOLDING THAT THE FACT OF THE PRIOR CONVICTION WAS A

14  SENTENCE FACTOR, AND NOT A SEPARATE ELEMENT OF THE CRIME TO BE CHARGE IN THE

15  INDICTMENT. (ALMENDAREZ-TORRES V. UNITED STATES, SUPRA, 523 U.S. at p. 243; UNITED

16  STATES V. TIGHE (9th Cir., 2001) 266 F. 3d 1187, 1193.)

17                                    VI.
           THE FACT USED TO IMPOSE THE UPPER TERM IN THIS CASE IS ANALOGOUS
18         TO THE FACT USED TO APPLY THE EXCEPTIONAL SENTENCE IN BLAKELY
           AND CUNNINGHAM
19

20      CALIFORNIA'S DSL AND WASHINGTON'S GUIDELINES BOTH CONSTITUTIONAL PERMIT JUDGES

21  TO IMPOSE SENTENCES ABOVE A STATUTORY MAXIMUM ON BASIS OF FACTS NEITHER FOUND BY A

22  JURY NOR ADMITTED BY VIRTUE OF THE PETITIONER'S GUILTY PLEA. IN ALL PERTINENT

23  RESPECT, CALIFORNIA'S SENTENCING SCHEME AND ITS APPLICATION IN THE CURRENT CASE

24  SUFFER FROM DEFECTS AS THE WASHINGTON SCHEME DID UNTIL THE UNITED STATES SUPREME

25  COURT RECENTLY STRUCT IT DOWN IN CUNNINGHAM V. CALIFORNIA.

26      IN BLAKELY, THE DEFENDANT HAD PLED GUILTY TO SECOND-DEGREE KIDNAPPING AND ALSO

27  ADMITTED A FIREARM ENHANCEMENT. AS A "CLASS "B" FELONY", SECOND DEGREE KIDNAPPING

28  WAS SUBJECT TO AN ABSOLUTE MAXIMUM OF TEN YEARS. BUT THE "STANDARD RANGE" FOR

1  SECOND-DEGREE KIDNAPPING WITH A FIREARM WAS FORTY-NINE (49) TO FIFTY-THREE (53)

2  MONTHS. WASHINGTON'S STATUTORY LAW PROVIDED THAT A COURT COULD IMPOSE A SENTENCE

3  GREATER THAN THE "STATUTORY RANGE" (BUT STILL WITHIN THE TEN (10) YEARS CAP) ONLY

4  IF IT FOUND "STANDARD AND/OR SUBSTANTIAL AND COMPELLING REASONS JUSTIFYING AN

5  EXCEPTIONAL SENTENCE). THE STATUTE PROVIDE A NON-EXHAUSTIVE LIST OF "AGGRAVATING

6  FACTORS" WHICH COULF JUSTIFY SUCH A "DEPARTURE" FROM THE STANDARD RANGE. THE TRIAL

7  COURT IMPOSED AN EXCEPTIONAL SENTENCE OF NINETY (90) MONTHS---THIRTY-SEVEN (37)

8  MONTHS ABOVE THE STANDARD RANGE-BASED UPON THE JUDGE'S FINDING THAT BLAKELY ACTED

9  WITH "DELIBERATE CRUELTY", ONE OF THE ENUMERATED AGGRAVATING FACTORS. (BLAKELY,

10  (2004) 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403)

11      THE SUPREME COURT HELD THAT THE TRIAL COURT'S FINDINGS OF THE AGGRAVATING

12  FACTORS VIOLATED APPRENDI'S RULE ENTITLING A DEFENDANT TO JURY DETERMINATION OF ANY

13  FACTS EXPOSING A DEFENDANT TO GREATER PUNISHMENT THAN THE MAXIMUM OTHERWISE

14  ALLOWABLE FOR UNDERLYING OFFENSE. THE COURT REJECTED THE STATE'S ASSERTION THAT

15  RELEVANT MAXIMUM WAS THE TEN (10) YEARS CAP FOR A CLASS "B" FELONY. INSTEAD, THE

16  MAJORITY TREATED THE TOP END OF THE STANDARD RANGE (53 MONTHS) AS THE RELEVANT

17  STATUTORY MAXIMUM, BECAUSE THAT WAS THE GREATEST SENTENCE BLAKELY COULD RECEIVE

18  BASED ON THE FACTS ADMITTED BY HIS PLEA. (BLAKELY ) AS WITH THE "STANDARD RANGE" IN

19  BLAKELY, THE MIDDLE TERM UNDER CALIFORNIA'S DSL IS THE PRESUMPTIVE SENTENCE AND AS

20  WITH THE EXCEPTIONAL SENTENCE IN BLAKELY, A CALIFORNIA COURT LACK STATUTORY

21  AUTHORITY TO IMPOSE AN UPPER TERM UNLESS IT FINDS AGGRAVATING CIRCUMSTANCES BEYOND

22  THE ELEMENTS INHERENT IN THE OFFENSE ITSELF. (CAL. RULES OF COURT, RULE 4.420,

23  SUBD. (d).) LIKE WASHINGTON STATUTES, THE CALIFORNIA RULES PROVIDE A LIST OF

24  ENUMERATED AGGRAVATING CIRCUMSTANCES (CAL. RULES OF COURT, RULE 4.421), BUT THE

25  LIST IS NOT EXCLUSIVE AND THE COURT MAY RELY UPON AN NON-ENUMERATED CIRCUMSTANCE

26  "REASONABLY RELATED" TO THE SENTENCING DECISION. (CAL. RULES OF COURT, RULE 4.408,

27  SUBD. (a); SEE ALSO PEOPLE V. GARCIA (1989) 209 CAL. APP. 3d 790, 794-795; compare

28  BLAKELY.) AS WITH THE WASHINGTON SCHEME, THE COURT MUST MAKE EXPLICIT FACTUAL

1    FINDING. (PENAL CODE SECTION §1170, SUBD. (c); RULE 4.420(e).)

2        TURNING TO THE PETITIONER'S CASE, THE CALIFORNIA'S DSL PROVIDE THAT THE LOWER,

3    MIDDLE AND HIGH TERMS FOR COUNT FOUR (4) [PERSON PROHIBITED OWNING/POSSESSION

4    AMMUNITION/FIREARM IN VIOLATION OF PENAL CODE SECTION §12316(B)(1)] IS SIXTEEN (16)

5    MONTHS, TWO, OR THREE YEARS (16 mos., 2 or 3 YEARS). GIVEN THE IMPOSITION OF THE

6    UPPER TERM SENTENCE, THE COURT SELECTION OF THE UPPER TERM INCREASED PETITIONER'S

7    PUNISHMENT/SENTENCE BY TWO (2) YEARS BASED ON THE FACTS THE MIDDLE TERM IS TWO (2)

8    YEARS BUT THE COURT IMPOSE THE UPPER TERM THREE YEARS DOUBLE TO SIX YEARS. TO MAKE

9    THIS CLEAR TO THE COURT, HAD THE TRIAL COURT IMPOSED THE MIDDLE TERM OF TWO (2)

10   YEARS DOUBLE TO FOUR YAERS, PETITIONER'S SENTENCING WOULD HAVE BEEN FOUR YEARS PLUS

11   TWO YEARS FOR PRIOR PRISON COMMITTMENT FOR A TOTAL SENTENCE OF SIX (6) YEARS

12   INSTEAD OF EIGHT (8)YEARS. PETITIONER CONTEND THAT THE TWO YEARS IMPOSE WAS BASED

13   ON AGGRAVATING FACTORS THAT WERE NOT FOUND TRUE BEYOND A REASONABLE DOUBT AND WERE

14   NOT DETERMINE BY A JURY.

15       THUS, THE FACTS UNDERLYING THE AGGRAVATING FACTORS WERE NOT FOUND BY A JURY

16   AND THE UPPER TERM OF THREE YEARS (DOUBLE) WAS IMPOSED IN VIOLATION OF BLAKELY AND

17   CUNNINGHAM. MOREOVER, THE SENTENCING WAS CONDUCTED IN AN UNCONSTITUTIONAL FASHION

18   BECAUSE THE COURT DECIDED THE FACTS UNDER A "PREPONDERANCE STANDARD", INSTEAD OF

19   UNDER A "REASONABLE DOUBT STANDARD". ALTHOUGH THE SENTENCING COURT DID NOT EXPRESSLY

20   STATE WHAT STANDARD OF PROOF IT WAS APPLYING, IT MUST BE PRESUME THAT IT APPLIED

21   THE PREPONDERANCE OF THE EVIDENCE STANDARD SET FORTH IN RULE 4.420(b) OF THE

22   CALIFORNIA RULES OF COURT. (PEOPLE V. SCOTT (1994) 9 CAL. 4th 331, 349, PREPONDERANCE

23   STANDARD APPLIES) BECAUSE PETITIONER HAD A CONSTITUTIONAL RIGHT TO A JURY TRIAL ON

24   THE AGGRAVATING FACTORS, THE COURT ERRED IN APPLYING THE LESSER STANDARD OF PROOF.

25   (SEE UNITED STATES V. VELASCO-HEREDIA (9th Cir. 2003) 319 F. 3d 1080, 1085

26   [APPRENDI ERROR OCCURRED WHEN TRIAL COURT USED PREPONDERANCE STANDARD AT SENTENCING

27   TO DETERMINATE THE UPPER TERM].)

28       IN SUM, THE PARALLELS BETWEEN THIS CASE AND BLAKELY AND CUNNINGHAM AFFIRMS THAT

1  THE APPRENDI, BLAKELY AND CUNNINGHAM DOCTRINE APPLIES TO CALIFORNIA'S DETERMINATE

2  SENTENCING SCHEME. MOREOVER, THE APPLICATION OF THE DSL IN THIS CASE VIOLATES THE

3  PRINCIPLES OF THE SIXTH AND FOURTEENTH AMENDMENT AS SET FORTH IN APPRENDI, BLAKELY

4  AND CUNNINGHAM.

5      1.                   THE ISSUE WAS NOT WAIVED

6      PETITIONER CONTEND THAT A DEFENDANT CAN WAIVE THE RIGHT TO A JURY TRIAL, BUT

7  ANY WAIVER MUST BE KNOWING, INTELLIGENT AND EXPRESSLY APPEARING IN THE RECORDS.

8  (BOYKIN V. ALABAMA (1969) 395 U.S. 238, BRADY V. UNITED STATES (1970) 397 U.S. 742)

9  PETITIONER DID NOT WAIVE HIS RIGHT TO A JURY TRIAL ON THE FACTS USED AND/OR

10  CONSIDERED BY THE JUDGE TO IMPOSE THE UPPER TERM OF THREE YEARS (DOUBLE).

11      IN SEVERAL CASES OVER THE PAST DECADE, THE CALIFORNIA SUPREME COURT HAS HELD

12  THAT A FAILURE TO OBJECT CANNOT WAIVE "CERTAIN FUNDAMENTAL CONSTITUTIONAL RIGHTS",

13  SUCH AS DOUBLE JEOPARDY AND THE RIGHT TO JURY TRIAL, EVEN THOUGH THAT OMISSION MAY

14  FORFEIT APPELLATE REVIEW OF RELATED STATE STATUTORY CLAIMS. IN PEOPLE V. SAUNDERS,

15  SUPRA, 5 CAL 4th 580, THE COURT APPLIED THAT DISTINCTION TO A DEFENDANT FAILURE TO

16  OBJECT TO THE DISCHARGE OF THE JURY, PRIOR TO THE ADJUDICATION OF CHARGED PRIORS.

17  THAT OMISSION DID NOT WAIVE THE RIGHT TO RAISE FUNDAMENTAL CLAIMS OF DOUBLE

18  JEOPARDY AND JURY TRIAL. "PETITIONER'S FAILURE TO OBJECT ALSO WOULD NOT PRECLUDE

19  HIS ASSERTING IN A PETITION THAT HE WAS DENIED HIS' CONSTITUTIONAL RIGHT TO A JURY

20  TRIAL. [CITATIONS] (Id. at 589 n. 5; SEE ALSO PEOPLE V. VALLADOLI (1996) 13 CAL.

21  4th 590, 606 [REFUSING TO FIND WAIVER OF DOUBLE JEOPARDY CLAIM].) AS THE COURT

22  SUMMARIZED IN A LATER OPINION:

23          NOT ALL CLAIMS OF ERRORS ARE PROHIBITED IN THE ABSENCE OF A
        TIMELY OBJECTION IN THE TRIAL COURT. A DEFENDANT IS NOT PRECLUDED

24          FROM RAISING FOR THE FIRST TIME ON APPEAL/PETITION A CLAIM
        ASSERTING THE DEPRIVING OF CERTAIN FUNDAMENTAL CONSTITUTIONAL

25          RIGHTS. (SEE SAUNDERS, 5 CAL. 4th at 592 [PLEA OF ONCE IN
        JEOPARDY]; PEOPLE V. HOMES (1960) 54 CAL. 3d [1013] 1022-1023

26          [NONCONSTITUTIONAL OF CLAIM THAT TRIAL COURT FAILED TO ADVISE
        OF THE CONSEQUENCE OF GUILTY PLEA SUBJECTS DEFENDANT'S CLAIM

27          TO RULE THAT ERROR IS WAIVED ABSENT TIMELY OBJECTION].)
        (PEOPLE V. VERA (1997) 15 CAL. 4th 269, 276-277)

28  //

1    BECAUSE PETITIONER'S BLAKELY AND CUNNINGHAM CLAIM CONTESTS THE DENIAL OF THE

2    SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO A JURY TRIAL ON AGGRAVATING FACTORS TO

3    EXPOSE A DEFENDANT/PETITIONER TO AN UPPER TERM, IT COME WITHIN THE SAUNDERS-

4    VALLODOLI-VERA RULE: A LACK OF OBJECTION SHOULD NOT FORFEIT PETITIONER REVIEW OF

5    DENIAL OF THIS "FUNDAMENTAL CONSTITUTIONAL RIGHT". MOREOVER, FAILURE TO OBJECT

6    SHOULD NOT WAIVE THE ERROR BECAUSE SUCH OBJECTION WOULD HAVE BEEN FUTILE AT THE

7    TIME. (SEE PEOPLE V. HILL (1998) 17 CAL. 800, 820; PEOPLE V. ABBASZADEH (2003) 106

8    CAL. APP. 4th 642, 648-649.) THE FUTILITY EXCEPTION SHOULD APPLY WHERE THE

9    STATUTORY OR CASE BINDING THE LOWER COURT AT THE TIME WOULD HAVE PRECLUDED THE

10   CLAIM, (PEOPLE V. BIRKS (1998) 19 CAL. 4th 108, 116 n. 6 [NO WAIVER WHERE LOWER

11   COURT WAS BOUND BY HIGHER COURT ON ISSUE].) UNTIL JUNE 24, 2004 AND JANUARY 2007,

12   IT WOULD HAVE BEEN POINTLESS TO DEMAND A JURY TRIAL OR A REASONABLE DOUBT STANDARD

13   ON DSL AGGRAVATING CIRCUMSTANCES, SINCE CALIFORNIA STATUTORY AND CASE LAW

14   UNEQIVOCALLY PRESCRIBED JUDICIAL FACTFINDING UNDER A PREPONDERANCE STANDARD. (CAL.

15   RULES OF COURT, RULE 4.420, SUBD. (b); PEOPLE V. JACKSON (1987) 196 CAL. APP. 3d

16   380, 391.) EVEN IN THE CONTEXT OF EVIDENTIARY CLAIM (WHERE THE COURTS HAVE GENERALLY

17   ENFORCED WAIVER RULES MOST STRICTLY), THE CALIFORNIA SUPREME COURT HAS ALLOWED

18   REVIEW OF UNRAISED CLAIMS BASED ON "SIGNIFICANT CHANGES IN THE LAW": THOUGH

19   EVIDENTIARY CHALLENGES ARE USUALLY WAIVED UNLESS TIMELY RAISED IN TRIAL COURT, THIS

20   NOT SO WHEN THE PERTINENT LAW LATER CHANGED SO UNFORESEEABLY THAT IT IS UNREASONABLE

21   TO EXPECT TRIAL COUNSEL TO HAVE ANTICIPATED THE CHANGE. (PEOPLE V. TURNER (1990)

22   50 CAL. 3d 668, 703.) THIS IS SUCH A CASE, AND A FINDING THAT IT WAS WAIVED WOULD

23   BE INAPPROPRIATE.

24   BECAUSE PETITIONER'S BLAKELY AND CUNNINGHAM ERROR IS A "STRUCTURAL DEFECT",

25   NOT AMENDABLE TO HARMLESS ERROR REVIEW, BECAUSE THE WRONG ENTITY, THE JUDGE RATHER

26   THAN THE JURY, HAD ADJUDICATED AGGRAVATING FACTORS AND HAS APPLIED THE WRONG

27   STANDARD OF PROOF. (SULLIVAN V. LOUISANA (1993) 508 U.S. 275.) IN SULLIVAN, JUSTICE

28   SCALIA EXPLAINED THAT THE ERROR IN THE CASE-MISINSTRUCTION ON THE DEFINITION OF

1  PROOF BEYOND A REASONABLE DOUBT. HARMLESS ERROR ANALYSIS, UNDER CHAPMAN V. CALIFORNIA

2  (1967) 386 U.S. 18, 24, EXAMINES, NOT WHAT EFFECT THE CONSTITUTIONAL ERROR MIGHT

3  GENERALLY BE EXPECTED TO HAVE UPON A REASONABLE JURY. BECAUSE THE ERROR WITH

4  RESPECT TO THE REASONABLE DOUBT INSTRUCTION MEANT, "THERE HAS BEEN NO JURY WITHIN

5  THE MEANING OF THE SIXTH AMENDMENT, THE ENTIRE PREMISE OF CHAPMAN REVIEW IS SIMPLY

6  ABSENT." (Id. at p. 208)

7      IN THIS CASE BEFORE THE COURT, AS IN SULLIVAN, THERE WAS NO VERDICT--BY A JUDGE

8  OR JURY BASED UPON REASONABLE DOUBT. THERE IS OBJECT, SO TO SPEAK, UPON WHICH

9  HARMLESS-ERROR SCRUNINY CAN OPERATE AND "RESENTENCING TO THE TRIAL COURT FOR THE

10 LOWER AND/OR THE MIDDLE TERM IS MANDATORY." (Ibid. SEE ALSO PEOPLE V. ORELLANO,

11 (2000) 79 CAL. APP. 4th 179, 186.) SINCE THERE IS NO WAY OF KNOWING WHETHER THE

12 JURY APPLIED THE CORRECT BURDEN OF PROOF, THE PETITIONER'S UPPER TERM SENTENCE OF

13 THREE (3) YEARS DOUBLE MUST BE CORRECTED....AND RESENTENCE TO THE LOWER AND/OR

14 MIDDLE TERM OF IMPRISONMENT.

15     WHILE IT IS TRUE THAT FAILURE TO INSTRUCT A JURY ON A SINGLE ELEMENT IS SUBJECT

16 TO CHAPMAN HARMLESS ERROR ANALYSIS AND IS NOT PERSE REVERSIBLE. (NEDER V. UNITED

17 STATES, (1999) 527 U.S. 1; PEOPLE V. FLOOD, (1998) 18 CAL. 4th 470.) BUT IN NEDER

18 AND FLOOD A JURY WASSEATED AND REACHED VERDICTS, AND ONLY ONE ELEMENT/FACT WAS NOT

19 DECIDED BY THE JURY BECAUSE OF MIS-INSTRUCTION. (NEDER, 527 U.S. at 4; FLOOD, 18

20 CAL. 4th at 475.) IN THIS CASE, NO JURY AT ALL WAS SEATED FOR PETITIONER'S

21 SENTENCING WHICH, UNDER BLAKELY AND CUNNINGHAM, IS NOW BETTER DESCRIBED AS A

22 PENALTY TRIAL AND NONE OF THE AGGRAVATING FACTORS WAS DECIDED BY A JURY. BECAUSE

23 THE PETITIONER WAS DENIED A JURY VERDICT ON ANY AGGRAVATING FACTORS USED TO IMPOSE

24 THE UPPER TERM THE ERROR IS AND MUST BE CONSIDERED STRUCTURAL AND AUTOMATICALLY

25 CORRECTABLE/REMANDABLE.

26     PETITIONER FURTHER CONTEND EVEN IF THE ERROR IS NOT STRUCTURAL CORRECTION AND/

27 OR REMAND IS REQUIRED BECAUSE IT WAS NOT HARMLESS. THE CALIFORNI SUPREME COURT AND

28 FEDERAL COURTS HAVE HELD THAT CONVENTIONAL APPRENDI ERRORS ARE SUBJECT TO THE

1  CHAPMAN STANDARD. (PEOPLE V. SENGPADYCHITH (2001)26 CAL. 4th 316, 324; PEOPLE V.

2  SCOTT (2001) 91 CAL. APP. 4th 1197, 1209-1211; UNITED STATES V.GARCIA-GUIZAR (9th

3  Cir 2000) 234 F. 3d 483, 488-489.) UNDER CHAPMAN, THE STATE MUST PROVIDE THAT THE

4  ERROR IS HARMLESS BEYOND A REASONABLE DOUBT. (CHAPMAN, SUPRA, 386 U.S. at 24.) WHEN

5  APPLYING THIS STANDARD IN THE CONTEXT OF AN ERROR AFFECTING THE RIGHT TO A JURY

6  TRIAL ON ELEMENTS OR ENHANCEMENTS, A REVIEWING COURT SIMPLY ASK WHETHER THERE

7  "OVERWHELMING EVIDENCE" SUPPORTING THE FINDINGS IN QUESTION. A MORE RIGOROUS FORM

8  OF CHAPMAN ANALYSIS, FOCUSING ON WHAT IS REQUIRED AND THE ERROR IS NOT HARMLESS IF

9  THE OMITTED ELEMENT IS SUSCEPTIBLE TO DISPUTE. IF AT THE END OF THAT EXAMINATION

10  [REVIEWING] COURT CANNOT CONCLUDE BEYOND A REASONABLE DOUBT THAT THE JURY VERDICT

11  WOULD HAVE BEEN THE SAME ABSENT THE ERROR FOR EXAMPLE, WHERE THE DEFENDANT/PEITITIONER

12  CONTESTED THE OMITTED ELEMENTS AND RAISED EVIDENCE SUFFICIENT TO SUPPORT A CONTRARY

13  FINDING IT SHOULD FIND THE ERROR HARMLESS. (NEDER, SUPRA, 527 U.S. at 19)

14      IN THE CASE BEFORE THIS HONORABLE COURT, THERE IS NO PROPERLY DETERMINATION ON

15  ANY AGGRAVATING FACTORS AND NO WAY OF SAYING THAT A JURY WOULD HAVE NECESSARY FOUND

16  THE AGGRAVATING FACTORS TO BE TRUE "BEYOND A REASONABLE DOUBT". PETITIONER CONTEST

17  THE APPLICATION OF ANY AGGRAVATION FACTORS AND ARGUE THAT HE SHOULD HAVE HIS'

18  UPPER TERM SENTENCE OF THREE YEARS DOUBLE TO SIX YEARS CORRECTED TO THE LOWER TERM

19  AND/OR THE MIDDLE TERM. BY TREATING ANY FACTUAL STATEMENT AS PERSONABLE ACCURATE

20  THE COURT RELIEVED THE GOVERNMENT OF ITS BURDEN IN ALLOWING A JURY TO PROVE ANY

21  AGGRAVATING FACTORS BEYOND A REASONABLE DOUBT.

22      THUS, THIS COURT CANNOT CONCLUDE BEYOND A REASONABLE DOUBT THAT THE OUTCOME OF

23  PETITIONER BEING SENTENCE TO THE UPPER TERM HAD IT BEEN THE SAME ABSENT THE ERROR,

24  AND THE ERROR CANNOT BE DEEMED HARMLESS.

25  //

26  //

27  //

28  //

## VII.
CALIFORNIA'S DETERMINATE SENTENCING (DSL), WHICH AUTHORIZED THE JUDGE, NOT THE JURY, TO FIND FACTS BY PREPONDERANCE OF THE EVIDENCE EXPOSING A DEFENDANT/PETITIONER TO AN ELEVATED UPPER TERM SENTENCE VIOLATES DEFENDANT/PETITIONER'S ROGHT TO A TRIAL BY JURY. (U.S. C.A. CONST. VI, XIV)

PETITIONER CONTEND THAT THE TRIAL COURT IMPOSED A UNCONSTITUTIONAL SENTENCE BY IMPOSITION OF SENTENCE TO THREE YEARS (DOUBLE TO SIX) BASED ON AGGRAVATING FACTORS NOT FOUND BY A JURY BEYOND A REASONABLE DOUBT. AS IN BLAKELY (DISCUSSED EARLIER HEREIN) THE UNITED STATES SUPREME COURT RECENTLY HELD IN CUNNINGHAM V. CALIFORNIA, ____ S. Ct. ____ WL 135687 (U.S. 2007) THAT CALIFORNIA'S DTERMINATE SENTENCING LAW (DSL) WHICH AUTHORIZED THE JUDGE, NOT THE JURY, TO FIND FACTS BY A PREPONDERANCE OF THE EVIDENCE EXPOSING A DEFENDANT TO AN ELEVATED UPPER TERM SENTENCE VIOLATED THE DEFENDANT'S RIGHT TO TRIAL BY JURY. (SEE U.S.C.A. AMEND. VI, XIV) EXCEPT FOR A PRIOR CONVICTION, ANY FACT THAT INCREASE THE PENALTY FOR A CRIME BEYOND THE PRESCRIBED STATUTORY MAXIMUM MUST BE SUBMITTED TO A JURY, AND PROVED BEYOND A REASONABLE DOUBT. (SEE CONST. AMEND. VI.) THE UNITED STATES SUPREME COURT FURTHER HELD AND STATED: "THE DSL, BY PLACING SENTENCING-ELEVATING FACTFINDINGS WITHIN THE JUDGE'S PROVINCE, VIOLATES A DEFENDANT'S RIGHT TO TRIAL BY JURY SAFEGAURD BY THE SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

PETITIONER CUNNINGHAM WAS TRIED AND CONVICTED OF CONTINUOUS SEXUAL ABUSE OF A CHILD UNDER 14... UNDER CALIFORNIA'S DETERMINATE SENTENCING LAW (DSL), THAT OFFENSE IS PUNISHMENT BY ONE OF THREE PRECISE TERM OF IMPRISONMENT: A LOWER TERM SENTENCE OF 6 YEARS, A MIDDLE TERM OF SENTENCE OF 12 YEARS, OR AN UPPER TERM SENTENCE OF 16 YEARS. THE DSL OBLIGATED THE TRIAL JUDGE TO SENTENCE CUNNINGHAM TO THE 12 YEARS MIDDLE TERM UNLESS THE JUDGE FOUND ONE OR MORE ADDITIONAL "CIRCUMSTANCES IN AGGRAVATION". COURT RULES ADOPTED TO IMPLEMENT THE DSL DEFINE "CIRCUMSTANCE IN AGGRAVATION" AS FACTS JUSTIFYING THE UPPER TERM. THOSE FACTS, THE RULES PROVIDED, MUST BE ESTABLISHED BY A PREPONDERANCE OF THE EVIDENCE. BASED ON A POST-TRIAL SENTENCING HEARING, THE JUDGE FOUND BY A PREPONDERANCE OF THE EVIDENCE SIX

1  AGGRAVATING FACTS, INCLUDING THE PARTICULAR VULNERABILITY OF THE VICTIM, AND ONE

2  MITIGATING FACT, THAT CUNNINGHAM HAD NO RECORD OF PRIOR CRIMINAL CONDUCT. CONCLUDING

3  THAT THE AGGRAVATOTS OUTWEIGHED THE SOLE MITIGATOR, THE JUDGE SENTENCED CUNNINGHAM

4  TO THE UPPER TERM OF 16 YEARS. THE CALIFORNIA COURT OF APPEALS AFFIRMED. THE STATE

5  SUPREME COURT DENIED REVIEW, BUT IN A DECISION PUBLISHED NINE DAYS EARLIER, IN

6  PEOPLE V. BLACK, 35 CAL. 4th 1230, 113 P. 3d 534, THAT COURT HELD THAT THE DSL

7  SURVIVED SIXTH AMENDMENT INSPECTION.

8      TURNING TO THE CURRENT CASE, PETITIONER ENTERED IN A PLEA AGREEMENT AT THE

9  ADVICE OF HIS COUNSEL BUT NO JURY WAS PRESENT FOR ANY FACTS FOR THE PURPOSES OF

10  SENTENCING. UPON SENTENCING BY THE TRIAL COURT JUDGE, PETITIONER WAS SENTENCED TO

11  THE UPPER TERM OF THREE YEARS (DOUBLE TO SIX YEARS) ON COUNT FOUR AS THE PRINCIPLE

12  TERM. THUS, IMPOSITION OF THE UPPER TERM SENTENCE BY THE JUDGE AND NOT A JURY

13  BEING GIVEN THE OPPORTUNITY TO FIND TRUE THE FACT  USED IN AGGRAVATION BEYOND A

14  REASONABLE DOUBT IS CLEARLY IN VIOLATION OF PETITIONER'S SIXTH AND FOURTEENTH

15  AMENDMENT RIGHT PROTECTED UNDER THE UNITED STATES CONSTITUTION AS THE COURT HAVE

16  REPEATEDLY HELD IN BLAKELY AND CUNNINGHAM. IN APPRENDI V. NEW JERSEY AS STATED

17  EARLIER HEREIN, THE UNITED STATES SUPREME COURT HELD THAT, UNDER THE SIXTH

18  AMENDMENT, ANY FAT (OTHER THAN A PRIOR CONVICTION) THAT EXPOSES A DEFENDANT TO A

19  SENTENCE IN EXCESS OF THE RELEVANT STATUTORY MAXIMUM MUST BE FOUND BY A JURY, NOT

20  A JUDGE, AND ESTABLISHED BEYOND A REASONABLE DOUBT, NOT MERELY BY A PREPONDERANCE

21  OF THE EVIDENCE. (Id. 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L. Ed. 2d 435.) THE

22  COURT HAS APPLIED THE RULE OF APPRENDI TO FACTS SUBJECTING A DEFENDANT TO THE

23  DEATH PENALTY, RING V. ARIZONA, 536 U.S. 584, 602, 609, 122 S. Ct. 2428, 153 L. Ed.

24  2d 556, FACTS PERMITTING A SENTENCE IN EXCESS OF THE STANDARD RANGE UNDER

25  WASHINGTON'S SENTENCING REFORM ACT (REFORM ACT), BLAKELY V. WASHINGTON, 542 U.S.

26  296, 304-305, 124 S. Ct. 2531, 159 L. Ed. 2d 403 AND FACTS TRIGGERING A SENTENCE

27  RANGE ELEVATION UNDER THE THEN-MANDATORY FEDERAL SENTENCING GUIDELINES, UNITED V.

28  STATES V. BOOKER, 543 U.S. 220, 243-244, 125 S. Ct. 738, 160 L. Ed. 2d 621.

1  BLAKELY AND BOOKER BEAR MOST CLOSELY WITH PETITIONER'S CONTENTIONS CITED HEREIN.

2  BOOKER WAS SENTENCED UNDER THE FEDERAL SENTENCING GUIDELINES. THE FACTS FOUND

3  BY THE JURY YIELDED A BASED GUIDELINES RANGE OF 210 TO 262 MONTHS IMPRISONMENT, A

4  RANGE THE JUDGE COULD NOT EXCEED WITHOUT UNDERTAKING ADDITIONAL FACTFINDING. THE

5  JUDGE DID SO, MAKING A FINDING THAT BOOSTED BOOKER INTO A HIGHER GUIDELINES RANGE.

6  THE UNITED STATES SUPREME COURT HELD BOOKER'S SENTENCE IMPERMISSIBLE UNDER THE

7  SIXTH AMENDMENT. THERE WAS "NO DISTINCTION OF CONSTITUTIONAL SIGNIFICANCE BETWEEN

8  THE FEDERAL SENTENCING GUIDELINES AND THE WASHINGTON PROCEDURES AT ISSUE IN BLAKELY

9  543 U.S. at 233. BOTH WERE "MANDATORY AND INPOSE[D] BINDING REQUIREMENTS ON ALL

10 SENTENCIMNG JUDGES." (Ibid.) ALL THE HIGH COURT MEMBERS AGREED, HOWEVER, THAT THE

GUIDELINES WOULD NOT IMPLICATE THE SIXTH AMENDMENT IF THEY WERE ADVISORY. (Ibid.)

FACING THE REMEDIAL QUESTION, THE COURT CONCLUDED THAT RENDERING THE GUIDELINES

ADVISORY CAME CLOSEST TO WHAT CONGRESS WOULD HAVE INTENDED HAD IT KNOWN THAT THE

GUIDELINES WERE VULNERABLE TO A SIXTH AMENDMENT CHALLENGE. IN ALL MATERIAL RESPECTS

CALIFORNIA'S DSL RESEMBLES THE SENTENCING SYSTEM INVALIDATED IN BLAKELY AND BOOKER

FOLLOWING THE REASONING IN THOSE CASES, THE MIDDLE TERM PRESCRIBED UNDER CALIFORNIA

LAW, NOT THE UPPER TERM, IS THE RELEVANT STATUTORY MAXIMUM. BECAUSE AGGRAVATING

FACTS THAT AUTHORIZE THE UPPER TERM ARE FOUND BY THE JUDGE, AND NEED ONLY BE

ESTABLISHED BY A PREPONDERANCE OF THE EVIDENCE, THE DSL VIOLATES THE RULE OF

APPRENDI.

PETITIONER ARTICULATES WHILE THAT SHOULD BE THE END OF THE MATTER, BLAKELY, 542

U.S.AT 313, IN PEOPLE V. BLACK, THE CALIFORNIA SUPREME COURT INSISTED THAT THE DSL

SURVIVES INSPECTION UNDER THE UNITED STATES SUPREME COURT'S PRECEDENTS. THE BLACK

COURT REASONED THAT, GIVEN THE AMPLE DISCRETION AFFORDED TRIAL JUDGES TO IDENTIFY

AGGRAVATING FACTS WARRANTING AN UPPER TERM SENTENCE, THE DSL DID NOT REPRESENT A

LEGISLATIVE EFFORT TO SHIFT THE PROOF OF PARTICULAR FACT FROM ELEMENTS OF A CRIME

(TO BE PROVED TO A JURY) TO SENTENCING FACTORS (TO BEDECIDED BY A JUDGE) 35 Cal.

4th, at 1255-1256, 29 Cal. Rptr. 3d 740, 113 P. 3d at 543-544. ULTIMATELY, THE

-16-

BLACK COURT RELIED ON AN EQUATION OF CALIFORNIA'S DSL TO THE POST-BOOKER FEDERAL

SYSTEM. THAT ATTEMPT COMPARISON IS UNAVAILING. THE BOOKER COURT HELD THE FEDERAL

GUIDELINES INCOMPATIBLE WITH THE SIXTH AMENDMENT BECAUSE THEY WERE MANDATORY AND

IMPOSE[D] BINDING REQUIREMENTS ON ALL SENTENCING JUDGES. (543 U.S.at 233) TO REMEDY

THE CONSTITUTIONAL INFIRMITY, THE COURT EXCISED PROVISIONS THAT RENDERED THE SYSTEM

MANDATORY, LEAVING THE GUIDELINES IN PLACE AS ADVISORY ONLY. THE DSL, HOWEVER, DOES

NOT RESEMBLE THE ADVISORY SYSTEM THE COURT IN BOOKER HAD IN VIEW.

UNDER CALIFORNIA'S SYSTEM, JUDGES ARE NOT FREE TO EXERCISE THEIR "DISCRETION TO

SELECT A SPECIFIC SENTENCE WITHIN DEFINE RANGE." (Ibid.) CALIFORNIA'S LEGISLATURE

HAS ADOPTED SENTENCING TRAIDS, THREE FIXED SENTENCES WITH NO RANGES BETWEEN THEM.

CUNNINGHAM SENTENCING JUDGE HAD NO DISCRETION TO SELECT A SENTENCE WITHIN A RANGE

OF 6 TO 16 YEARS, BUT HAD TO IMPOSE 12 YEARS, NOTHING LESS AND NOTHING MORE, UNLESS

THE JUDGE FOUND FACTS ALLOWING A SENTENCE OF 6 TO 16 YEARS. HERE, PETITIONER'S

SENTENCING JUDGE HAD NO DISCRETION TO SELECT A UPPER TERM SENTENCE OF THREE YEARS

(DOUBLE TO SIX YEARS) BUT HAD TO IMPOSE THE MIDDLE TERM OF TWO YEARS (DOUBLE TO

FOUR YEARS). FACTFINDING TO ELEVATE PETITIONER'S SENTENCE TO THE UPPER TERM OF

THREE YEARS (DOUBLE TO SIX YEARS) WAS NOT FOUND BY A JURY BEYOND A REASONABLE

DOUBT STANDARD. THE UNITED STATES SUPREME COURT'S DECISION MAKE PLAIN, AND FALLS

WITHIN THE PROVINCE OF THE JURY EMPLOYING A "BEYOND-A-REASONABLE-DOUBT-STANDARD,

NOT THE BAILIWICK OF A JUDGE DETERMINING WHERE THE PREPONDERANCE OF THE EVIDENCE

LIES. THE BLACK COURT ATTEMPTED TO RESCUE THE DSL'S JUDICIAL FACTFINDING AUTHORITY

BY TYPING IT A REASONABLE CONSTRAINT, EQUIVALENT TO THE CONSTRAINT OPERATIVE IN THE

POST BOOKER FEDERAL SYSTEM. REASONABLENESS, HOWEVER, IS NOT THE TOUCHSTONE OF THE

SIXTH AMENDMENT ANALSIS. THE REASONABLENESS REQUIREMENT BOOKER ANTICIPATE FOR THE

FEDERAL SYSTEM OPERATES WITHIN THE CONSTITUIONAL CONSTRAINTS DELINEATED IN THE

UNITED STATES SUPREME COURT'S PRECEDENT, NOT AS A SUBSTITUTE FOR THOSE CONSTRIANTS.

BECAUSE THE DSL ALLOCATES TO JUDGES SOLE AUTHORITY TO FIND FACTS PERMITTING THE

IMPOSITION OF AN UPPER TERM SENTENCE, THE SYSTEM VIOLATES THE SIXTH AMENDMENT.

-17-

1  BOOKER'S REMEDY FOR THE FEDERAL GUIDELINES, IN SHORT, IS NOT A RECIPE FOR RENDERING

2  THE UNITED STATES SUPREME COURT'S SIXTH AMENDMENT CASE TOOTHLESS. AS TO ADJUSTMENT

3  OF CALIFORNIA'S SENTENCING SYSTEM IN LIGHT OF THE UNITED STATES SUPREME RULING,

4  "[T]HE BALL...LIES IN THIS COURT". (BOOKER, 543 U.S. AT 265) SEVERAL STATES HAVE

5  ALREADY MODIFIED THEIR SYSTEM IN WAKE OF APPRENDI, BLAKELY AND CUNNINGHAM TO RETAIN

6  DETERMINATE SENTENCING, BY CALLING UPON THE JURY TO FIND ANY FACT NECESSARY TO THE

7  IMPOSITION OF AN ELEVATED SENTENCE. THE UNITED STATES SUPREME COURT HAS REPEATEDLY

8  HELD THAT, UNDER THE SIXTH AMENDMENT, ANY FACT THAT EXPOSES A DEFENDANT TO GREATER

9  POTENTIAL SENTENCE MUST BE FOUND BY A JURY, NOT A JUDGE, AND ESTABLISHED BEYOND A

10  REASONABLE DOUBT, NOT MERELY BY A PREPONDERANCE OF THE EVIDENCE STANDARD. WHILE

11  THIS RULE IS ROOTED IN LONGSTANDING COMMON-LAW PRACTICE, ITS EXPLICT STATEMENT IN

12  THE HIGH COURT RECENT DECISION IN JONES V. UNITED STATES, 526 U. S. 227, 119 S. Ct.

13  1215, 143 L.Ed. 2d 311 (1999) WHERE THE EXAMINATION OF THE SIXTH AMENDMENT

14  HISTORICAL AND DOCTRINAL FOUNDATIONS ARE RECOGNIZED THAT JUDICIAL FACTFINDING

15  OPERATING TO INCREASE A DEFENDANT'S OTHERWISE MAXIMUM PUNISHMENT POSED A GRAVE

16  CONSTITUTIONAL QUESTION. (Id. AT 239-252)

17      UNLESS THE UNITED STATES SUPREME COURT IS PREPARED TO OVERRULE ITS REMEDIAL

18  DECISION IN BOOKER, BLAKELY, AND CUNNINGHAM, THE CALIFORNIA SENTENCING SCHEME AT

19  ISSUE IN THIS CASE SHOULD BE HELD TO IN VIOLATION OF PETITIONER'S SIXTH AND

20  FOUTEENTH AMENDMENT RIGHTS.

21                          VIII.

22          PETITIONER WAS DENIED HIS RIGHT UNDER THE SIXTH AMENDMENT OF THE
            UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 15 OF THE
23          CALIFORNIA CONSTITUTION TO ADEQUATE ASSISTANCE OF COUNSEL WHEN
            TRIAL COUNSEL FAILED TO OBJECT WHEN THE TRIAL COURT IMPOSED THE
24          UPPER TERM OF THREE YEARS DOUBLE TO SIX YEARS

25  1.    INTRODUCTION

26  UNDER CALIFORNIA'S LAW, A DEFENDANT/PETITIONER IS NOT PERMITTED TO ARGUE ON

27  APPEAL (NOT PETITION) THAT A TRIAL COURT COMMITTED SENTENCING ERROR UNLESS DEFENSE

28  COUNSEL OBJECTS TO THE ALLEGED ERROR IN THE TRIAL COURT. (PEOPLE V. SCOTT (1994)

                                    -18-

Cal. 4th 331, 349-356) THIS RULE APPLIES TO DISCRETIONARY SENTENCING CHOICES,
INCLUDING STATING INAPPLICABLE REASONS FOR SENTENCING CHOICES, MISWEIGHING A
SENTENCING FACTOR, FAILURE TO STATE A REASON FOR SENTENCE CHOICE, OR FAILURE TO
GIVE A SUFFICIENT NUMBER OF REASONS FOR SENTENCING CHOICE. (Id. AT P. 353) THE
OBJECTION MUST BE SUFFICIENTLY  SPECIFIC AND MEANINGFUL TO ALLOW THE TRIAL COURT TO
CORRECT THE ERROR; AN OMNIBUS BOILERPLATE OBJECTION DOES NOT SUFFICE. (PEOPLE V.
DESOTO (1997) 54 Cal. App. 4th 1, 4, 6-10) WHEN COUNSEL FAILS TO OBJECT TO THE
SENTENCING ERROR, THE DEFENDANT/PETITIONER CAN ARGUE THAT THIS RESULTED IN
INEFFECTIVE ASSISTANCE OF COUNSEL. (PEOPLE V. MINDER (1996) 46 Cal. App. 4th 1784,
1792)

PETITIONER CONTENDS HE WAS DENIED HIS RIGHT TO ADEQUATE ASSISTANCE OF COUNSEL
WHEN HIS' TRIAL COUNSEL FAILED TO OBJECT TO THE REASONS THE TRIAL COURT STATED OR
FAILED TO STATE FOR IMPOSING THE UPPER TERM. PETITIONER BEGIN WITH A DISCUSSION OF
THE WELL-SETTLED PRINCIPLES WHICH GOVERN A CONTENTION OF INADEQUATE ASSISTANCE OF
COUNSEL.

  2.  GENERAL LEGAL PRINCIPLES

UNDER BOTH THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I,
SECTION 15, OF THE CALIFORNIA CONSTITUTION, A CRIMINAL DEFENDANT HAS THE RIGHT TO
THE EFFECTIVE ASSISTANCE OF COUNSEL. THE ULTIMATE PURPOSE OF THIS RIGHT IS TO
PROTECT THE DEFENDANT'S FUNDAMENTAL RIGHTS TO A TRIAL THAT IS BOTH FAIR IN IT
CONDUCT AND RELIABLE IN ITS CONDUCT AND/OR RESULT. CONSTRUED IN LIGHT OF ITS PURPOSE,
THE RIGHT ENTITLES THE DEFENDANT NOT TO SOME BARE ASSISTANCE BUT RATHER TO EFFECTIVE
ASSISTANCE. (PEOPLE V. LEDESMA (1987) 43 Cal. 3d 171, 215 (ORIGINAL ITALICS;
CITATION OMITTED); ACCORD, In re CORDERO (1988) 46 Cal. 3d 161, 179-180) "THE RIGHT
IS DENIED IF TRIAL CPUNSEL MAKES CRITICAL TACTICAL PRUDENT LAWYERS IN CRIMINAL CASES.
THIS IS TRUE EVEN IF THE DECISIONS WERE FROM IGNORANCE OF THE LAW OR FACT." (SEE
PEOPLE V. POPE (1979) 23 Cal. 3d 412, 424)

IN In re JONES (1996) 13 Cal. 4th 552, 561-562, THE CALIFORNIA SUPREME COURT

-19-

SUMMARIZED, AS FOLLOWS, THE PRINCIPLES, WHICH GOVERN A CLAIM OF INADEQUATE

ASSISTANCE OF COUNSEL.

THE LEGAL PRINCIPLES RELEVANT TO PETITIONER'S CLAIMS ARE WELL SETTLED. TO

ESTABLISH INEFFECTIVE ASSISTANCE OF COUNSEL, A PETITIONER MUST DEMONSTRATE THE

(1) COUNSEL'S REPRESENTATION WAS DEFICIENT IN FALLING BELOW AN OBJECTIVE STANDARD

OF REASONABLENESS UNDER PREVAILING PROFESSIONAL NORMS, AND (2) COUNSEL'S DEFICIENT

REPRESENTATION SUBJECTED PETITIONER TO PREJUDICE, i.e. "THERE IS A REASONABLE

PROBABILITY THAT, BUT FOR COUNSEL FAILING TO OBJECT, THE RESULT WOULD HAVE BEEN

MORE FAVORABLE TO THE PETITIONER. (STRICKLAND V. WASHINGTON (1984) 466 U.S. 668,

667 [80 L. Ed 2d 674, 693, 104 S. Ct. 2052]; In re WILSON (1992) 3 Cal. 4th 945,

950 [13 Cal. Rptr. 2d 269, 838 P. 2d 1222].) "A REASONABLE PROBABILITY IS A

PROBABILITY SUFFICIENT TO UNDERMINE CONFIDENCE IN THE OUTCOME." (STRICKLAND, Supra,

466 U.S. at P. 694 [80 L. Ed. 2d at P. 694-698]; In re NEELY (1993) 6 Cal. 4th 901,

908-909 [26 Cal. Rptr. 2d 203, 864 P. 2d 474.)

PETITIONER REVIEW OF COUNSEL'S PERFORMANCE IS A DEFERENTIAL ONE. (In re CORDERO

(1998) 46 Cal. 3d 161, 180 [249 Cal. Rptr. 342. 756 P. 3d 1370].) IT IS ALL TOO

TEMPTING FOR A DEFENDANT/PETITIONER TO SECOND GUESS COUNSEL'S ASSISTANCE AFTER

CONVICTION OR ADVERSE SENTENCE, AND IT IS ALL TOO EASY FOR A COURT, EXAMINING

COUNSEL'S DEFENSE AFTER IT HAS PROVED UNSUCCESSFUL, TO CONCLUDE THAT A PARTICULAR

ACT OR OMISSION OF COUNSEL WAS UNREASONABLE. A FAIR ASSESSMENT OF ATTORNEY

PERFORMANCE REQUIRES THAT EVERY EFFORT BE MADE TO ELIMINATE THE DISTORTING EFFECTS

OF HINDSIGHT, TO RECONSTRUCT THE CIRCUMSTANCES OF COUNSEL'S PERSPECTIVE AT THE TIME

BECAUSE OF THE DIFFICULTIES INHERENT IN MAKING THE EVALUATION, A COURT MUST INDULGE

A STRONG PRESUMPTION THAT COUNSEL CONDUCT FALLS WITHIN WIDE RANGE OF REASONABLE

PROFESSIONAL ASSISTANCE; THAT IS, THE DEFENDANT/PETITIONER MUST OVERCOME THE

PRESUMPTION THAT, UNDER CIRCUMSTANCES, THE CHALLENGED ACTION "MIGHT BE CONSIDERED

SOUND COURT STRATEGY." (STRICKLAND V. WASHINGTON (1984) 466 U.S. 668, 689 [80 L.

Ed. 2d 674, 694-695, 104 S. Ct. 2052].)

HOWEVER, DEFERENTIAL SCRUTINY OF COUNSEL'S PERFORMANCE IS
LIMITED IN EXTENT AND INDEED IN CERTAIN CASE MAY BE
ALTOGETHER UNJUSTIFIED. '[D]EFERENCE IS NOT ABDICATION'
[CITATION]; IT MUST NEVER BE USED TO INSULATED COUNSEL'S
PERFORMANCE FROM MEANINGFUL SCRUTINY AND THEREBY AUTOMATICALLY
VALIDATE CHALLENGED ACTS OR MISSION." (In re CORDERO, Supra,
46 Cal. 3d AT P. 180, QUOTING PEOPLE V. LEDESMA (1987) 43
Cal. 3d 171, 217.)"

ORDINARILY, CLAIMS OF INADEQUATE ASSISTANCE OF COUNSEL RELATE TO MATTERS
CONCERNING TRIAL. HOWEVER, THE ADEQUACY OF COUNSEL'S PERFORMANCE IN OTHER SETTINGS
ALSO CAN BE CHALLENGED. (SEE e.g., In re ALVERNAZ (1992) 2 Cal. 4th 924 [INADEQUATE
ASSISTANCE OF COUNSEL IN THE DECISION TO REJECT AN OFFERED PLEA BARGAIN].) ONE SUCH
SETTING IS SENTENCING. (PEOPLE V. COTTON (1991) 230 Cal. App. 3d 1072, 1085-1087;
PEOPLE V. CROPPER (1979) 89 Cal. App. 3d 716, 719-721.) THUS, A DEFENDANT/PETITIONER
CAN ARGUE THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO A SENTENCING
ERROR. (PEOPLE V. MINDER, Supra, 47 Cal. App. 4th at 1792)

3.    APPLICATION FOR THE FACTS OF THE LAW

THE TRIAL COURT EXERCISE OF SENTENCING DISCRETION MUST BE CHALLENGED IN THE
TRIAL COURT. IN PEOPLE V. SCOTT (1994) 9 Cal. 4th 331, 353, THE SUPREME COURT STATED:
"WE CONCLUDED THAT WAIVER DOCTRINE SHOULD APPLY TO CLAIMS INVOLVING THE TRIAL COURT
FAILURE TO PROPERLY MAKE OR ARTICULATE ITS DISCRETIONARY SENTENCING CHOICES.
INCLUDING IN THIS CATEGORY ARE CASES IN WHICH THE COURT STATED REASONS ALLEGEDLY DO
NOT APPLY TO THE PARTICULAR CASE...." (Id.) A GENERALIZED OBJECTION WILL NOT
SUFFICE. (PEOPLE V. DESOTO (1997) 54 Cal. App. 4th 1)

PETITIONER SUBMITS THAT REASONABLY COMPETENT COUNSEL WOULD HAVE OBJECTED TO THE
COURT IMPOSING AN UPPER TERM SENTENCE. IT IS REASONABLELY PROBABLE THAT THE RESULT
WOULD HAVE BEEN DIFFERENT IF COUNSEL HAD OBJECTED. ALTHOUGH THE COURT IS REQUIRED
TO IMPOSED SENTENCE IN A LAWFUL MANNER, TRIAL COUNSEL IS CHARGED WITH "UNDERSTANDING
ADVOCATING, AND CLARIFYING PERMISSIBLE CHOICES AT THE SENTENCING HEARING." (SCOTT,
Supra.)

-21-

Petitioner contends He did not recieve effective
ssistance of Counsel by His Attorney's Failure
o File A notice of APPEAL, nor to Object to His
eing Sentenced to the UPPer term (doubled)
nor did His Attorney File A motion to Strike the
rior Strike enhancement ¹⁷

His trial Counsel FAILed to File A Statement in
tigation prior to the Sentence Hearing.

Thus His Attorney did not meet the Standards
et Forth in People V Pope, 23 CAL 3d 412, or
U.S. V Decoaster, 487 F2d 1202 Where it states:
"A defendant is entitled to the reasonably competent
  Assistance of An Attorney Acting As His Conscientious
  Advocate" Id At pg 1202'

urther in People V Vest 43 CAL. APP. 3d 728:
the Court Declared "When A defense Attorney FAILs...
.. everything envolved with His Clients Case... He
HAS FAILed in His duty to His Client And to the Court

Coles V. Payton, 389 F.2d. 224 states:
"Counsel SHALL PromPly Advise His Client oF
  His Rights And take ALL Action necessary to Preserve them

note 7    the Sentencing Judge (Judge William Mudd)
was the First Judge to Strike Prior Strikes in
riminal Cases. (People V. Rodriguez) (1996)

This Protection of His Rights, includes bjecting to the Sentence And the denial of His lotion As well As the Filing of His Notice of PPeAL And informing Petitioner of His Right To PPeAL.

U.S. V DeCoster, SuPrA At pg 1202 makes t clear. "If Counsels Failure to Perform these obligations, Results in the Withdrawl of A Crucial or Potentially Meritorious defense, the defendant HAS NOT HAd the Assistance To WHicH He is Entitled"

PeoPLe V Wittington, 74 CAL APP 3d 806: In Re SAnders, 2 CAL 3d 1042, Go to the Counsels, Failure to Perform ALL His duty's denys His CLient A FAir trial And Asstance of Counsel.

PeoPLe V. FAin, 70 CAL 2d 588: PeoPLe V mcDowell, 69 CAL 2d 737: Set forth "Where the record SHows counsel HAS FAiled in the manor of A diligent And Concientious Advocate, the defendant HAS been denied Adacuate Assistance of Counsel"

IT must be APPARent by the exibits (Recorders transcripts) that there WAS A conflict of Interest that the Court Denied Petitioners motion

- 23 -

And that the matter Should Have been
Returned to the Court that Took the Plea
For Review.

Counsels Failure to Object to the Upper
Term And His Failure to File A notice Of Appeal
or to Appeal the Courts Denial Of His motion.
Denied Petitioner His Right to Appeal these
Actions And in effect Denied Him effective Asstance
of Counsel.

The Court of Appeals denial, takes up that
Petitioner Should Have Raised those Issues on
Appeal And that Petitioners Case was Final.

He Should not be penalized For the
errors of His trial Counsel And therefore

these

— 24 —

1   REASONINGS, WHICH _ _ _ *were* BLATANTLY FLAWED. MOREOVER, _ _ _ *there* -IS LIKELIHOOD THAT THE

2   OBJECTION WOULD HAVE BEEN SUCCESSFUL. WHILE IT IS TRUE THAT A SINGLE FACTOR IN

3   AGGRAVATION CAN SUPPORT IMPOSITION OF THE UPPER, UNDER THE INSTANT FACTS, IT IS NOT

4   ABSOLUTE THAT THE OBJECTION BY TRIAL COUNSEL WOULD HAVE BEEN FUTILE. (<u>PEOPLE V.</u>

5   <u>KELLETT</u> (1982) 134 Cal. App. 3d 949, 963.) THUS, TRIAL COUNSEL DEFICIENCY IN

6   FAILING TO OBJECT WAS **PREJUDICIAL** AS IT ADDED AN ADDITIONAL **TWO (2) YEARS** TO THIS

7   PETITIONER'S SENTENCE.

8       PETITIONER FURTHER ARTICULATES THAT THE RECORDS IN THIS CASE **DOES NOT** ESTABLISH

9   TRIAL COUNSEL'S AWARENESS OF <u>SCOTT</u> OR ITS LIMITATIONS, THUS, INVITING A CLAIM OF

10  INEFFECTIVE ASSISTANCE IF AN OTHERWISE MERITORIOUS OBJECTION WAS FOREGONE THROUGH

11  IGNORANCE.

12                                    **CONCLUSION**

13      PETITIONER CONTEND THAT THE TRIAL (LOWER COURT) DENIED RELIEF ENTITLED BASED ON

14  THE ASSUMPTION THAT PETITIONER PLEAD GUILTY ON AUGUST 29, 2003 MAKING PETITIONER'S

15  CASE FINAL BEFORE **BLAKELY**, **BOOKER** AND **CUNNINGHAM** WERE DECIDED. IT IS PETITIONER

16  POSITION THAT HE WAS NOT SENTENCE UNTIL **FEBRUARY 20, 2004** WHICH CLEARLY DEMONSTRATE

17  THAT HIS CASE **WAS NOT** FINAL BEFORE **BLAKELY**. AS A MATTER OF FACTS **BLAKELY** WAS

18  DECIDED JUNE 24, 2004. PURSUANT TO THE SIXTH AND FOURTEENTH AMENDMENTS PETITIONER

19  IS CLEARLY ENTITLED TO RELIEF UNDER THE UNITED STATES SUPREME COURT RULING IN ALL

20  CASES CITED HEREIN. PETITIONER INCORPORATE HERETO AS **EXHIBIT "B"** THE TRIAL COURT

21  DENIAL.

22      BASED ON THE FORGOING, PETITIONER'S SENTENCING SHOULD BE VACATED AND THIS COURT

23  ORDER AND/OR DIRECT THE TRIAL TO GENERATE A NEW ABSTRACT OF JUDGEMENT REFLECTING

24  THE PETITIONER'S SENTENCE AS TWO (2) YEARS DOUBLE TO FOUR (4) YEARS AND TWO (2)

25  ADDITION YEARS PURSUANT TO PENAL CODE SECTION §667.5(B) FOR TOTAL TERM OF **SIX (6)**

26  **YEARS.**

27                                      RESPECTFULLY SUBMITTED,

28          5/22/07

                                        MICHAEL ANTHONY YANCY
                                        PETITIONER, IN PRO PER

**FORM E**

Proof of Service by Mail

[Case Name and Court Number]

I declare that:

I am a resident of *CALIFORNIA Rehab Centr* in the county of ___*NORCO*___,

California. I am over the age of 18 years. My residence address is:

*302 23-L- P.O. BOX 3535 NORCO CALIFORNIA 92860*

On *12-27, 2007*, I served the attached *Petition of Writ of Habeas Corpus* on the
*United States District Court Central District* in said case by placing a true copy thereof enclosed in a sealed

envelope with postage thereon fully paid, in the United States mail at *California Rehab Center*

addressed as follows:

*The United States District Court Central District
of California*

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct, and that this declaration was executed on *12-27-07* [date],

at ___*NORCO*___, California.

*MICHAEL A. YANCY*
[Type or Print Name]

*Michael A Yancy*
[Signature]



**SHERRI R. CARTER**
District Court Executive
and Clerk of Court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8 Los
Angeles, CA 90012
Tel: (213) 894-7984

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Tuesday, January 08, 2008

MICHAEL YANCY   H11683
CALIFORNIA REHABILITATION CENTER
302-23 LOW
NORCO, CA  92860

Dear Sir/Madam:

A  [X] Petition for Writ of Habeas Corpus was filed today on your behalf and assigned civil case number
       EDCV08- 16 FMC (FFM)

A  [ ] Motion pursuant to Title 28, United States Code, Section 2255, was filed today in criminal case
       number                    and also assigned the civil case number

Please refer to these case numbers in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:
   [ ] District Court Judge _____

   [X] Magistrate Judge _____**Frederick F. Mumm**_____

at the following address:
   [X] U.S. District Court          [ ] Ronald Reagan Federal        [ ] U.S. District Court
       312 N. Spring Street             Building and U.S. Courthouse      3470 Twelfth Street
       Civil Section, Room G-8          411 West Fourth St., Suite 1053   Room 134
       Los Angeles, CA  90012           Santa Ana, CA  92701-4516         Riverside, CA 92501
                                        (714) 338-4750

The Court must be notified within fifteen (15) days of any address change.  If mail directed to your
address of record is returned undelivered by the Post Office, and if the Court and opposing counsel
are not notified in writing within fifteen (15) days thereafter of your current address, the Court may
dismiss the case with or without prejudice for want of prosecution.

                                        Very truly yours,

                                        Clerk, U.S. District Court

                                                 LMURRAY
                                        By: _____
                                                 Deputy Clerk

CV-17 (01/01)          **LETTER re FILING H/C PETITION or 28/2255 MOTION**



**SHERRI R. CARTER**

District Court Executive
and Clerk of Court

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**
312 North Spring Street, Room G-8  Los
Angeles, CA 90012
Tel: (213) 894-3535

Tuesday, January 08, 2008

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

MICHAEL YANCY   H11683
CALIFORNIA REHABILITATION CENTER
302-23 LOW
NORCO, CA   92860

Dear Sir/Madam:

Your petition has been filed and assigned civil case number      EDCV08- 16 FMC (FFM)

Upon the submission of your petition, it was noted that the following discrepencies exist:

[X] 1. You did not pay the appropriate filing fee of $5.00.  Submit a cashier's check, certified bank check, business or corporate check, government issued check, or money order drawn on a major American bank or the United States Postal Service payable to 'Clerk U.S. District Court'.  If you are unable to pay the entire filing fee at this time, you must sign and complete this court's Prisoner's Declaration In Support of Request to Proceed In Forma Pauperis in its entirety.  The Clerk's Office will also accept credit cards (Mastercard, Visa, Discover, American Express) for filing fees and miscellaneous fees.  Credit card payments may be made at all payment windows where receipts are issued.

[ ] 2. The Declaration in Support of Request to Proceed in Forma Pauperis is insufficient because:

[ ] (a) You did not sign your Declaration in Support of Request to Proceed in Forma Pauperis.

[ ] (b) Your Declaration in Support of Request to Proceed in Forma Pauperis was not completed in its entirety.

[ ] (c) You did not submit a Certificate of Prisoner's Funds completed and signed by an authorized officer at the prison.

[ ] (d) You did not use the correct form.  You must submit this court's current Declaration in Support of Request to Proceed in Forma Pauperis.

[ ] (e) Other: _____

Enclosed you will find this court's current Prisoner's Declaration in Support of Request to Proceed in Forma Pauperis, which includes a Certificate of Funds in Prisoner's Account Form.

                                        Sincerely,

                                        Clerk, U.S. District Court

                                            LMURRAY

                                        By: _____

                                            Deputy Clerk

---

CV-111 (07/06)            **NOTICE re: DISCREPENCIES FOR FILING OF HABEAS CORPUS PETITION**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

FILED

| | |
|---|---|
| **MICHAEL YANCY** | CASE NUMBER |
| PLAINTIFF(S) | **EDCV08- 16 FMC (FFM)** |
| V. | |
| **GULLERMINA HALL, WARDEN** | **NOTICE OF REFERENCE TO A** |
| DEFENDANT(S) | **UNITED STATES MAGISTRATE JUDGE** |
| | **(Petition for Writ of Habeas Corpus)** |

Pursuant to General Order 07-02, the within action has been assigned to the calendar of the Honorable Florence-Marie Cooper, U.S. District Judge.  Pursuant to General Order 05-07, the within action is referred to U.S. Magistrate Judge Frederick F. Mumm, who is authorized to consider preliminary matters and conduct all further hearings as may be appropriate or necessary.  Thereafter, unless the Magistrate Judge determines that an evidentiary hearing is required, the Magistrate Judge shall prepare a report and recommendation and file it with the Clerk of the Court which may include proposed findings of fact and conclusions of law where necessary or appropriate, and may include a proposed written order or judgment, which shall be mailed to the parties for objections.

Pleadings and all other matters to be called to the Magistrate Judge's attention shall be formally submitted through the Clerk of the Court.

The Court must be notified within fifteen (15) days of any address change.  If mail directed by the clerk to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writing within fifteen (15) days thereafter of your current address, the Court may dismiss the petition with or without prejudice for want of prosecution.

Clerk, U.S. District Court

| | |
|---|---|
| January 8, 2008 | By    LMURRAY |
| Date | Deputy Clerk |

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I (a) PLAINTIFFS

Michael Anthony Yancy

2254    DEF. 1941

FILING FEE PAID
Yes    No

IFP MOTION FILED
Yes    No

COPIES SENT TO
Court    Pro Se

**FILED**

JAN 2 5 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Hall, et al

(b) COUNTY OF RESIDENCE OF FIRST LISTED Riverside
PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)    ATTORNEYS (IF KNOWN)

Michael Anthony Yancy
PO Box 1841
Norco, CA 92860
H-11683

'08 CV 0163 JAH LSP

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question
  (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

### 28 U.S.C. 2254

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 710Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removal from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):    JUDGE    Docket Number

| DATE | 1/25/2008 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|---|

R. Miller