UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY YANCY,<br><br>            Petitioner,<br><br>      v.<br><br>GUILLERMINA HALL, Warden, et al.,<br><br>            Respondents. | Civil No.   08cv0163-JAH (LSP)<br><br>**ORDER DISMISSING CASE<br>WITHOUT PREJUDICE** |

On January 8, 2008, Petitioner, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the District Court for the Central District of California. Because Petitioner is challenging a conviction from the San Diego Superior Court, the case was transferred to this Court.

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254.  If Petitioner wishes to proceed with this case, he must submit, **no later than March 31, 2008,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee.

In addition, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition must "specify all grounds for relief available to the petitioner [and] state the facts supporting

each ground." Rule 2(c), 28 U.S.C. foll. § 2254.  Here, Petitioner has violated Rule 2(c). Petitioner does not identify any claims or grounds for relief, but merely attaches numerous state court documents as exhibits to a cover page titled Petition for Writ of Habeas Corpus.

While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief. Cf. Burkey v. Deeds, 824 F. Supp. 190, 193 (D. Nev. 1993) (finding that courts do not have entire onus of creating federal claim for petitioner).  This Court would have to engage in a tenuous analysis in order to attempt to identify and make sense of the Petition and its attachments.  In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." Cf. Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted).  Facts must be stated, in the petition, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990).  Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses. Harris v. Allen, 739 F. Supp. 564, 565 (W.D. Okla. 1989).  Here, the lack of grounds for relief in the Petition prevents the Respondent from being able to assert appropriate objections and defenses.

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** this case without prejudice due to Petitioner's failure to satisfy the filing fee requirement and failure to state grounds for relief in the Petition.  Petitioner may file a First Amended Petition no later than **March 31, 2008**, in conformance with this Order.  The Clerk of Court shall send a blank Southern District of California In Forma Pauperis Application and a blank Southern District of California amended petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

DATED: January 31, 2008

JOHN A. HOUSTON
United States District Judge